WASHINGTON TRUST COMPANY *v.* MARIE D. SMITH
(SC 15527)
(SC 15529)

Callahan, C. J., and Berdon, Norcott, McDonald and Peters, Js.

Argued April 22—officially released July 22, 1997

*Robert D. Tobin,* with whom was *Rita Provatas,* for the appellant in Docket No. 15527 (proposed intervening defendant John Holstein).

*William F. Gallagher,* with whom, on the brief, were *Barbara L. Cox, S. Joel Suisman, Andrew J. Brand* and *Raymond L. Baribeault, Jr.,* for the appellant in Docket No. 15529 (proposed intervening defendant Spicer Plus, Inc.).

*Francis J. Pavetti,* for the appellee (intervening defendant Hendel's Investors Company).

*Opinion*

BERDON, J. The issues in this appeal are whether the proposed intervening defendants (proposed defendants) filed timely motions to intervene in this foreclosure action, after a court-ordered foreclosure sale had already been held, and, if timely, whether they adduced sufficient facts in support of their motions to intervene. The trial court denied the proposed defendants' motions to intervene on the grounds that the motions were not timely and because the proposed defendants failed to prove that they had direct and substantial interests in the foreclosed property. The proposed defendants appealed to the Appellate Court, which affirmed the judgment of the trial court. *Washington Trust Co.* v. *Smith,* 42 Conn. App. 330, 339, 680 A.2d 988 (1996). We granted the proposed defendants' petitions for certification to appeal from the Appellate Court.[1] We reverse the judgment of the Appellate Court.

As the Appellate Court stated, "[t]his is the appeal of the proposed defendants Spicer Plus, Inc. (Spicer), and John Holstein, trustee of City Discount Oil Nominee Trust (Holstein), from the judgment rendered by the

---

[1] We granted the proposed defendants' separate petitions for certification limited to the following questions: "Did the Appellate Court properly conclude that movants Spicer Plus, Inc., and John Holstein were not entitled to intervene because (1) they had not met their burden of proving their interests in the property, and (2) they had not filed their motion to intervene in a timely manner?" *Washington Trust Co.* v. *Smith,* 239 Conn. 919, 920, 682 A.2d 1014 (1996).

trial court denying their motions to be made parties as of right[2] to the underlying foreclosure action, and confirming the foreclosure by sale. The appellees are the plaintiff, Washington Trust Company (Washington Trust), which is the holder of the mortgage being foreclosed, and the intervening defendant Hendel's Investors Company (Hendel's), the highest bidder at the foreclosure sale.

"In February, 1990, the defendant, Marie D. Smith, executed a note to Washington Trust in the principal amount of $110,000. The note was secured by a mortgage on a parcel of land in North Stonington. Upon Smith's default, Washington Trust sought to foreclose the mortgage. A judgment of foreclosure by sale was rendered on December 9, 1993. On February 10, 1994, Holstein acquired Smith's equity of redemption by way of a quitclaim deed. A foreclosure sale was held on February 12, 1994. Hendel's was the highest bidder at the foreclosure sale and was . . . made a party defendant on February 18, 1994. Spicer operated a gas station and convenience store on the North Stonington property at the time of the December 9, 1993 judgment and on the date of the sale pursuant to a lease dated April 1, 1988; it was not named a defendant in the original complaint, nor did it move to intervene as a defendant before the sale took place. Spicer did, however, actively bid at the sale.

"On February 16, 1994, Spicer attempted to redeem the property from Washington Trust. Likewise, on February 28, 1994, Holstein sought to exercise the equity

---

[2] "The test for determining whether an order denying a motion to intervene constitutes a final judgment is whether the would-be intervenor can make a colorable claim to intervene as a matter of right. *Winslow* v. *Lewis-Shepard*, 216 Conn. 533, 536, 582 A.2d 1174 (1990)." (Internal quotation marks omitted.) *Washington Trust Co.* v. *Smith*, supra, 42 Conn. App. 331 n.1. The Appellate Court implicitly concluded, and we agree, that Spicer and Holstein have met this "jurisdictional threshold of appealability." Id., 338.

of redemption; both attempts to redeem were rejected. On February 28, the trial court confirmed the foreclosure sale."[3] Id., 331–32.

Prior to the confirmation of the sale, but on that same day, Spicer and Holstein moved to be made defendants in the foreclosure action for the purpose of protecting their interests in the foreclosed property. The trial court denied the motions.[4] Subsequent to their filing an appeal in the Appellate Court, Spicer and Holstein filed a motion for articulation with the trial court. After a hearing, the trial court issued an articulation with respect to its reasons for denying Spicer's and Holstein's motions to intervene. The trial court found that at the February 28, 1994 hearing on the motions to intervene, neither Spicer nor Holstein "made any attempt to introduce, nor did they introduce any testimony or evidence whatsoever, in support of their motions to intervene, to establish what interests, if any, they had in the premises foreclosed, or regarding their alleged tenders to Washington Trust, to redeem. There was no evidence from which this court could determine what interests, if any, the proposed intervenors had in the foreclosed premises." The trial court also concluded that the motions to intervene, having been filed after the foreclosure sale, were made at an extremely late date and, consequently, that the motions were untimely. The Appellate Court upheld the trial court in both respects.

I

We first address the Appellate Court's conclusion that the trial court properly determined that the motions for intervention filed by Spicer and Holstein were

[3] The sale has been ordered stayed pending the resolution of all appeals.

[4] The Appellate Court opinion refers to motions made by Spicer and Holstein requesting that they be made parties for purposes of taking an appeal. Although the trial court originally granted these motions, it subsequently vacated its orders on the ground that such an order was not required in order for Spicer and Holstein to take this appeal.

untimely. The Appellate Court stated that, under the circumstances, "[b]oth [Spicer and Holstein] voluntarily chose not to move to intervene until after the sale was completed, notwithstanding that their 'interests' must have been equally threatened at an earlier date." Id., 336. Therefore, the Appellate Court held that "the trial court properly determined that their failure to intervene prior to the sale clearly shows that Spicer and Holstein did not move to protect their interests in a timely fashion." Id. We disagree.

In determining whether the motions for intervention were timely filed, we first must determine whether they were motions for intervention as a matter of right or motions for permissive intervention. In *Horton* v. *Meskill*, 187 Conn. 187, 191, 445 A.2d 579 (1982), this court determined that intervention of right is permitted in Connecticut practice pursuant to Practice Book § 99, which provides in relevant part: "If a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party."[5] "The distinction between intervention of right and permissive intervention, such as is found in [r]ule 24 of the Federal Rules of Civil Procedure,[6] has not

---

[5] General Statutes § 52-107, containing nearly identical language, provides in relevant part: "If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."

[6] Rule 24 of the Federal Rules of Civil Procedure provides in relevant part: "Intervention

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

been clearly made in Connecticut practice. See Practice Book §§ 99, 100. Most of our cases discuss the admission of new parties as coming within the 'broad discretion' of the trial court. [See, e.g.,] *Manter* v. *Manter*, 185 Conn. 502, 507, 441 A.2d 146 (1981); *Jones* v. *Ricker*, 172 Conn. 572, [575 n.3], 375 A.2d 1034 (1977); *Nikitiuk* v. *Pishtey*, 153 Conn. 545, 555, 219 A.2d 225 (1966). But there are also cases which make clear that intervention as of right exists in Connecticut practice. *Ricard* v. *Stanadyne, Inc.*, 181 Conn. 321, [322 n.1], 435 A.2d 352 (1980); *Greenwich Gas Co.* v. *Tuthill*, 113 Conn. 684, 695, 155 A. 850 (1931); *Bucky* v. *Zoning Board of Appeals*, 33 Conn. Sup. 606, 608, 363 A.2d 1119 (1976); *DeFelice* v. *Federal Grain Corporation*, 12 Conn. Sup. 199, 201 (1943). The nature of the right to intervene in Connecticut, however, has not been fully articulated. Where state precedent is lacking, it is appropriate to look to authorities under the comparable federal rule, in this case [r]ule 24 of the Federal Rules of Civil Procedure." *Horton* v. *Meskill*, supra, 191–92.

"An applicant for intervention has a right to intervene under Practice Book § 99 where the applicant's interest is of such a *direct* and *immediate* character that the applicant will either *gain* or *lose* by the direct legal operation and effect of the judgment." (Emphasis added; internal quotation marks omitted.) Id., 195. "[A] person or entity does not have a sufficient interest to

When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. . . ."

qualify for the right to intervene merely because an impending judgment will have some effect on him, her, or it. The judgment to be rendered must affect the proposed intervenor's direct or personal rights, not those of another." Id.

In their motions, both Spicer and Holstein alleged that they had interests in the foreclosed property and claimed that they sought to intervene in order to enforce their rights of redemption. Holstein alleged that Smith quitclaimed to him, on February 10, 1994, all of her right, title and interest, including her equity of redemption, in the foreclosed property. He further alleged that the quitclaim deed was recorded on the land records of the town of North Stonington, and a photocopy of the deed was attached as an appendix to his motion. Holstein also alleged that prior to the court's confirmation of the foreclosure sale, he tendered the amount necessary to Washington Trust in order to exercise his redemption rights. In support of this allegation, Holstein also attached to the motion a photocopy of the letter addressed to Washington Trust that disclosed his and Spicer's interests and rights in the property, and purported to tender the amount necessary, by certified check, in order to redeem the property, which check was not accepted.

In its motion to intervene, Spicer had alleged that Smith leased the property to it by way of a written lease, notice of which was recorded on the land records of the town of North Stonington. The motion indicated the specific volume and page number of the notice of lease on the land records. Spicer alleged that the lease was in full force and effect through March 31, 1988, and that the lease gave Spicer rights of renewal and extension and rights of first refusal in the event of the sale or transfer of the property. Spicer also alleged that it tendered the amount necessary to Washington Trust

in order to redeem the property, which also was not accepted.[7]

At the hearing on the motions to intervene, Hendel's and Washington Trust objected to the proposed intervention on the ground that there was no evidence presented by Spicer and Holstein to prove their rights to intervene. Furthermore, Hendel's and Washington Trust disputed the validity of the interests of Spicer and Holstein.

The timeliness of the motions to intervene that were filed in this case depends upon the duration of rights of redemption. Under our cases, such rights survive the auction of the foreclosed property and may be exercised until such time as the judicial authority approves the foreclosure sale. *"The [judicial] sale is not absolute until confirmed.* The order of confirmation gives the judicial sanction of the court, and when made it relates back to the time of the sale . . . ." (Emphasis added; internal quotation marks omitted.) *Raymond* v. *Gilman,* 111 Conn. 605, 613–14, 151 A. 248 (1930). "[D]ecisional law has established that the right of redemption survives the auction and is not foreclosed out until the court approves the sale." D. Caron, Connecticut Foreclosures (2d Ed. 1989 & Sup. 1995–96) § 9.02B, p. 150, citing *Raymond* v. *Gilman,* supra, 613; see also *In the Matter of Loubier,* 6 B.R. 298, 303 (D. Conn. 1980) ("[I]n Connecticut, the law is that the rights of a mortgagor in mortgaged property are terminated by confirmation of a foreclosure sale . . . . When the foreclosure sale . . . was confirmed by [the] superior court . . . at that moment, [the mortgagor's] equity of redemption in the property was terminated . . . .").

---

[7] The merits of Spicer's alleged right to redeem based on the leasehold interest and upon principles of equitable subrogation are not in dispute in this appeal and we do not decide this issue. See generally annot., Lessee's Right of Subrogation in Respect of Lien Superior to His Lease, 1 A.L.R.2d 286 (1948).

This is so because "[o]nly after a sale has been confirmed and ratified by the court does it become complete." *Citicorp Mortgage, Inc.* v. *Burgos*, 227 Conn. 116, 120, 629 A.2d 410 (1993); see also *Mariners Savings Bank* v. *Duca*, 98 Conn. 147, 152–53, 118 A. 820 (1922) ("It has been generally held that an equitable judicial sale requires confirmation or ratification before it can become complete and create legal rights and liabilities between or among the parties legally interested therein. . . . For until confirmation, the bids are mere offers to purchase, the contract is not complete, and the purchaser cannot be in default thereunder. . . . [T]he ratification of the sale is in a way the focal point of the proceeding after the judgment therein." [Citations omitted; internal quotation marks omitted.]); *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 13 Conn. App. 239, 247, 536 A.2d 962, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988) ("[u]nder Connecticut law, a judicial sale becomes complete and creates a legal right to obligations among parties when it is confirmed and ratified by the court").

This case law is consistent with the implicit assumption in a related statute, which recognizes that the foreclosed property may be redeemed at any time prior to the confirmation of the sale by the trial court. Specifically, General Statutes § 49-25 provides in pertinent part that "[u]pon motion of the owner of the equity of redemption, the court shall appoint a second appraiser in its decree. If the plaintiff is the purchaser at sale, *or if the property is redeemed at any time prior to the approval of the sale,* or if for any reason the sale does not take place, the expense of the sale and appraisal or appraisals shall be paid by the plaintiff and be taxed with the costs of the case. . . ." (Emphasis added.)

We conclude that the motions by Spicer and Holstein were motions for intervention as a matter of right because the rights of redemption in the foreclosed prop-

erty that they sought to exercise implicated direct and immediate interests that will be jeopardized by the approval of the foreclosure sale.

This conclusion has important consequences for the timeliness of their motions to intervene. "[A]ny motion for intervention, whether permissive or of right, must be timely. See Fed. R. Civ. Proc. 24. The timeliness of a motion for intervention, however, must be judged by all of the circumstances of the case. See *NAACP* v. *New York*, 413 U.S. 345, 366, 93 S. Ct. 2591, 37 L. Ed. 2d 648 (1973); *Hodgson* v. *United Mine Workers of America*, 473 F.2d 118, 129 (D.C. Cir. 1972). In any event, an untimely motion for intervention of right is not transformed automatically thereby into a motion for permissive intervention. The right to intervene is lost, not merely weakened, if it is not exercised in a timely fashion. *Ricard* v. *Stanadyne, Inc.*, supra, [181 Conn.] 323–24. See 7A Wright & Miller, Federal Practice and Procedure § 1916; 3B Moore, Federal Practice § 24.13 [1]. As a general matter, the timeliness requirement is applied *more leniently for intervention of right* than for permissive intervention because of the greater likelihood that serious prejudice will result. See *Alaniz* v. *Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir.), cert. denied, 439 U.S. 837, 99 S. Ct. 123, 58 L. Ed. 2d 134 (1978); *Diaz* v. *Southern Drilling Corporation*, 427 F.2d 1118, 1126 (5th Cir. 1970)." (Emphasis added.) *Horton* v. *Meskill*, supra, 187 Conn. 193–94. "Timeliness of intervention is a matter for the sound discretion of the trial court . . . but a court should be more reluctant to refuse when intervention is sought of right . . . ." (Citation omitted.) *Williams & Humbert Ltd.* v. *W. & H. Trade Marks (Jersey) Ltd.*, 840 F.2d 72, 74–75 (D.C. Cir. 1988). In making this determination of timeliness with respect to motions to intervene as a matter of right, courts must take into consideration the nature of the interest and for what purpose the intervenor is

seeking to be brought into the action. So, for example, if the purpose of the intervention, under the facts of this case, was to challenge the validity of Washington Trust's right to foreclose on the mortgage, when the intervening parties had timely notice of the foreclosure action, then the granting of the motions to intervene at the late date they were presented would be a significant factor for the trial court to consider when ruling on the motions. The dilatory nature of a motion to intervene is always a factor for a trial court to consider.

In the present case, Spicer and Holstein moved to intervene after the foreclosure sale, but before the confirmation of that sale by the trial court. By concluding that only motions to intervene filed before the foreclosure sale would have been timely, the trial court failed to take into account that the right of redemption can be exercised at any time prior to the confirmation of the sale. The date of the foreclosure sale does not operate as a talisman of timeliness when a trial court is considering a motion to intervene. Because the trial court in this case acted under a misapprehension with respect to the relevant law, we conclude that the trial court abused its discretion. The motions to intervene were timely because Spicer and Holstein moved to intervene for the purposes of protecting their alleged rights of redemption before the trial court confirmed the sale. We conclude that the Appellate Court improperly affirmed the trial court's ruling that the motions to intervene were untimely.

II

After passing the threshold inquiry of timeliness, we address whether Spicer and Holstein made the requisite showing in support of their respective motions to intervene. The Appellate Court concluded that Spicer and Holstein had failed to meet their burden of demonstra-

ting their interests in the foreclosed property. We disagree.

Although the seminal case of *Horton* establishes when a proposed intervenor can intervene as a matter of right; *Horton* v. *Meskill*, supra, 187 Conn. 195; neither our rules of practice nor *Horton* provide how the proposed intervenor carries the burden of demonstrating his or her interest in order to intervene as a matter of right. Accordingly, we look to federal law for guidance. See id., 192 ("[w]here state precedent is lacking, it is appropriate to look to authorities under the comparable federal rule").

"For purposes of judging the satisfaction of [the] conditions [for intervention] we look to the pleadings, that is, to the motion for leave to intervene and to the proposed complaint or defense in intervention, and . . . we accept the allegations in those pleadings as true. The question on a petition to intervene is whether a well-pleaded defense or claim is asserted. Its merits are not to be determined. The defense or claim is assumed to be true on motion to intervene, at least in the absence of sham, frivolity, and other similar objections." (Internal quotation marks omitted.) *Kozak* v. *Wells*, 278 F.2d 104, 109 (8th Cir. 1960); see also *Williams & Humbert Ltd.* v. *W. & H. Trade Marks (Jersey) Ltd.*, supra, 840 F.2d 75 ("[a]n application to intervene should be viewed on the tendered pleadings—that is, whether those pleadings allege a legally sufficient claim or defense and not whether the applicant is likely to prevail on the merits"); *Central States, Southeast & Southwest Areas Health & Welfare Fund* v. *Old Security Life Ins. Co.*, 600 F.2d 671, 672 (7th Cir. 1979) ("[a]ll nonconclusory allegations supporting a motion to intervene are taken as true, absent sham, frivolity, or other objections").[8]

---

[8] This standard is consistent with the practice in Connecticut courts. See, e.g., *Greenwich Gas Co.* v. *Tuthill*, 113 Conn. 684, 695, 155 A. 850 (1931)

"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." *Lettieri* v. *American Savings Bank*, 182 Conn. 1, 13, 437 A.2d 822 (1980); see also *Horton* v. *Meskill*, supra, 187 Conn. 192. It must be kept in mind, however, that the rules of intervention "should be liberally construed, in order to avoid multiplicity of suits and settle all related controversies in one action." *Kozak* v. *Wells*, supra, 278 F.2d 112.

In this case, the trial court improperly concluded that Spicer and Holstein had the burden of proving their interests, *by way of testimony or other evidence*, in order to be allowed to intervene. The Appellate Court agreed. This is too high a hurdle for purposes of establishing a right to intervene. A proposed intervenor must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of his or her right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervenor has a direct and immediate interest that will be affected by the judgment. Because

(upholding trial court and stating that "[t]he court properly permitted the intervention, as parties defendant, of persons asserting such a special interest in the matter under determination," where several property owners applied to trial court for intervention by claiming that their property would be damaged by erection of gas tank on proposed site); *Bucky* v. *Zoning Board of Appeals*, supra, 33 Conn. Sup. 608 (Appellate Session of Superior Court reversing trial court after concluding that representations in motion were sufficient so that proposed intervenor should have been allowed to intervene as of right); *Plamondon* v. *Enfield*, 26 Conn. Sup. 488, 489–90, 227 A.2d 434 (1966) (granting motion to intervene as of right based upon representations in motion); *Yale University* v. *New Haven*, 22 Conn. Sup. 61, 63, 160 A.2d 493 (1960) (stating, with respect to motion to intervene, that "the matter must be determined on the basis of the facts alleged in the [motion] itself," although denying taxpayer's motion to intervene); *DeFelice* v. *Federal Grain Corp.*, supra, 12 Conn. Sup. 200–201 (in case similar to present case, granting motion to intervene as of right based upon allegations in motion that proposed intervenors acquired ownership, from trustee in bankruptcy, of property subject to plaintiff's suit).

the trial court applied an incorrect standard to the motions filed by Spicer and Holstein, we conclude that the trial court abused its discretion. Therefore, the Appellate Court improperly affirmed the trial court's application of this incorrect standard.

Nevertheless, we conclude that Spicer and Holstein established that they are entitled to intervene as of right because, if true, the allegations in the motions in this case would constitute the required showings of direct and substantial interests that would be impaired by the foreclosure action. Holstein's motion alleged that he purchased the equity of redemption from the owner of the property subject to foreclosure and that he wanted to redeem the mortgage. Spicer's motion alleged that it was the owner of a leasehold interest on the same property and that it wanted to redeem the mortgage.[9] Spicer and Holstein were entitled to prove their interests, if any, as defendants in the foreclosure action before the foreclosure sale was confirmed, and at that time Hendel's and Washington Trust would have been entitled to dispute the validity of Spicer's and Holstein's interests on the merits. Because we have concluded that Spicer and Holstein should have been permitted to intervene in the foreclosure action as defendants, the trial court's confirmation of the sale must be reversed.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case to the trial court with direction to grant Spicer's and Holstein's motions to intervene, and for further proceedings according to law.

In this opinion the other justices concurred.

---

[9] In addition, although unnecessary, but prudent, Holstein's motion was supported by documentation corroborating his interest in the foreclosed property, and part of that documentation also corroborated Spicer's interest in the property. See part I of this opinion.