MEMORANDUM OF DECISION
The foster parents, Frederick and Dawn S., have filed a motion seeking to intervene as parties in the pending abuse and neglect action. The Department of Children and Families (DCF) and the mother of the children, Terrianne D., oppose the foster parents' motion to intervene as a party. The subject request to intervene raises the evolving issue of the precise parameters of CT Page 4136 the standing of foster parents in abuse and neglect actions.
Brian D. is presently nine years old and Shannon D. is three years old. Brian and Shannon have been continuously in the care of DCF since an Order of Temporary Custody was signed by the court, Jones, J., on April 4, 1997. Their custody is currently committed to DCF through May 8, 1999.
On November 17, 1998, Frederick and Dawn S., the children's foster parents, filed a motion requesting the court's permission to intervene as parties in this action. In their motion, Frederick and Dawn S. cite General Statutes §§ 46b-57 and 46b-129
as support for their request for party status. DCF and Terrianne D. object to the request on the grounds that foster parents do not have the right to intervene as parties in pending abuse and neglect actions.
Intervention as a party may be sought under our rules of practice either as of right or with the permission of the court. Practice Book sec. 9-18. See also Washington Trust Company v.Smith, 241 Conn. 734, 739-740 (1997). While the foster parents' motion for third party intervention asks for the court's permission to intervene as a party, their brief also asserts that they have the right to be awarded standing in this matter. Therefore, it is necessary to determine whether the foster parents should be granted party status under either standard — intervention of right or permissive intervention.
The principle of intervention of right emanates from the second sentence of Practice Book sec. 9-18 (formerly Practice Book § 99) which states that "if a person not a party has an interest or title which the judgment will affect, the judicial authority, on its own motion, shall direct that person to be made a party." See Investors Mortgage Co. v. Rodia, 31 Conn. App. 476,480 (1993). The language of Practice Book sec. 9-18 has been interpreted by the courts to impose a rather high bar to a person's right to intervene as a party. Not every impact upon a person's interests will qualify for intervention of right. "An applicant for intervention has a right to intervene under Practice Book § 99 where the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment." (Internal quotation marks omitted.) Horton v. Meskill,187 Conn. 187, 195 (1982). "[A] person or entity does not have a sufficient interest to qualify for the right to intervene merely CT Page 4137 because an impending judgment will have some effect on him, her, or it. The judgment to be rendered must affect. the proposed intervenor's direct or personal rights, not those of another." Id.
The pending abuse and neglect action will not have a direct and immediate impact on the legal or personal rights of the proposed intervenors. The legal and personal rights at stake in the litigation are those of the parents and the children. As foster parents, Frederick and Dawn S. will be only indirectly affected by the court's actions. To the extent the court's actions alter the care or commitment of the children by DCF, their role as foster parents will be affected. Frederick and Dawn S. have no direct legal rights of their own that are at stake in these proceedings.
A person may also possess the right to intervene as a party in an action when a statute has specifically conferred such a right. See Carl J. Herzog Foundation, Inc. v. University ofBridgeport, 243 Conn. 1 (1997). See also Washington Trust Companyv. Smith, 241 Conn. 734, 739 (1997) in which the court looks to the Federal Rules of Civil Procedure for guidance on the nature of the right to intervene in Connecticut. Frederick and Dawn S. assert that General Statutes § 46b-129 grants foster parents the right to intervene in abuse and neglect actions.[2] Their claim however is not supported by the language, legislative history or circumstances surrounding the enactment of § 46b-129.
General Statutes § 46b-129(o) provides as follows:
 A foster parent shall have standing for the purposes of this section in Superior Court matters concerning the placement or revocation of commitment of a foster child living with such parent. A foster parent shall receive notice of any motion to revoke commitment or any hearing on such motion. A foster parent who has cared for a child or youth for not less than six months shall have standing to comment on the best interests of such child or youth in any matter-under this section which is brought not more than one year after the last day the foster parent provided such care.
The language of the statute does not expressly grant foster parents a right to intervene in abuse and neglect actions. The statute confers "standing to comment," which by its terms is something less than full-fledge party status.[3] A party to an CT Page 4138 action has the right to file pleadings, present evidence and cross-examine witnesses. While significant, a statutory right to comment on the best interests of the child suggests substantially less participation in the proceedings.
The legislature has shown that it uses more precise language when it intends to grant standing to intervene in abuse and neglect proceedings. In subsection (c) of 46b-129, the legislature specifically provided any grandparent of a child involved in abuse and neglect proceedings with the right to "make a motion to intervene" which the court is required to grant except for good cause shown.
The last sentence of § 46b-129(o) which provides certain foster parents with standing to comment in any matter under the section was added by No. 98-185 of the 1998 Public Acts (hereinafter P.A. 98-185). There is nothing in the legislative history of that public act which indicates that the legislature intended to bestow upon foster parents the right to intervene as parties in abuse and neglect proceedings.
In fact, the circumstances surrounding the passage ofP.A. 98-185 support the view that the legislature did not intend to grant intervention of right to foster parents. In 1998, a number of amendments to the statutes governing abuse and neglect actions, including P.A. 98-185, were being considered by the General Assembly in order to comply with the mandates of the Adoption and Safe Families Act of 1997, Public Law 105-89,111 Stat. 2129. The Adoption and Safe Families Act had recently been enacted by the United States Congress and the state needed to conform its statutes to the Act's dictates in order to continue to receive federal funding in the child protection area. See 41 H.R. Proc. Pt. 3, 1998 Sess. P. 4146, remarks of Rep. Diamantis and 41 S. Proc. Pt. 9, 1998 Sess. P. 2665, remarks of Sen. Williams. The Adoption and Safe Families Act requires that states which receive federal funding provide foster parents with "notice of and an opportunity to be heard in" any review or hearing held concerning the foster child. The act expressly states that "this subparagraph shall not be construed to require that any foster parent . . . be made a party to such a review or hearing solely on the basis of such notice and opportunity to be heard." Sec. 104, Public Law 105-89. The language of this provision in the Adoption and Safe Families Act lends support to the view that the standing to comment given to foster parents by P.A. 98-185 does not include the right to be made a party to the proceedings. CT Page 4139
Frederick and Dawn S. also seek the court's permission to intervene as parties in this case. Practice Book sec. 9-18
authorizes the court to allow a person to intervene as a party "if a complete determination cannot be had without the presence of other parties." In addition, under Practice Book sec. 26-1 an intervening party in juvenile matter proceedings is defined as any person whose participation in the proceedings, at the discretion of the judicial authority, may promote the interests of justice. Frederick and Dawn S. also reference General Statutes § 46b-57 as support for permissive intervention in a disputed custody matter.
The court in determining whether to grant a request for permissive intervention should consider several factors: the timeliness of the intervention, the proposed intervenor's interest in the controversy, the adequacy of representation of such interests by other parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in resolving the controversy. In Re Baby Girl B., 224 Conn. 263, 277
(1992). A review of these factors indicates that permission to intervene should not be granted to the foster parents in this case.
The timing of the filing of the motion to intervene by the foster parents is not an important consideration in this matter. Although the motion to intervene was filed a significant period of time after the children were first placed in the care of DCF, a granting of the motion would not cause a delay in these proceedings.
An assessment of the various interests involved counsels against intervention. The interest of the foster parents in this proceeding is limited. "Foster families do not have the same rights as biological families or adoptive families. Rather the expectations and entitlements of foster families can be limited by the state. Foster parents are entrusted with foster children on a temporary basis only. Foster parents do not enjoy a liberty interest in the "integrity of their family unit.'" (Citations omitted). Hunte v. Blumenthal, 238 Conn. 146, 164 (1996). Although a foster family may have important information to contribute to the judicial process due to their intimate and extensive contact with the child, their interests in providing such information and conveying their view on the best interests CT Page 4140 of the child do not in and of itself warrant party status. This is especially true since the legislature has authorized an alternative way for foster parents to be heard in abuse and neglect proceedings by providing them with standing to comment. See General Statutes § 46b-129(o).
In addition, DCF can adequately represent the interests of the foster parents in this matter. It is the commissioner of the department who is the guardian of children placed in foster care. General Statutes § 46b-129(j). As guardian, the commissioner has the "obligation of care and control, the right to custody and the duty and authority to make major decisions affecting [the] minor's welfare. . . ." General Statutes § 17a-93 (d). The department has an employer-employee relationship with the, foster parents and possesses the right to control and direct the actions of the foster parents. Hunte v. Blumenthal, supra, 238 Conn. 154
156 (1996). For most, if not all, purposes, DCF can adequately represent the interests of the foster parents.
The motion of Frederick and Dawn S. to intervene as parties is denied.
BY THE COURT
Judge Jon M. Alander
[2] Frederick and Dawn S. also cite General Statutes § 46b-57
in their motion to intervene but concede that by its terms the statute bestows permissive intervention in appropriate cases, not intervention of right.
[3] The court need not address the issue of whether the first sentence of § 46b-129(o) confers something more than standing to comment in matters concerning the placement or revocation of commitment of a foster child. The foster parents in this case have not limited their request to intervene to such matters nor have they asserted any special rights in such matters.