[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE (#113)
On November 24, 1999, the plaintiff, Peter McManus, a police officer employed by the City of Stamford ("city"), filed a two count complaint. He alleges that on or about December 24, 1997, a motor vehicle owned by the defendant, Ford Motor Credit Company, and operated by defendant, Dwayne Alexander, struck the police cruiser that was parked in front of the plaintiff. The plaintiff alleges that he sustained serious injuries as a result of the collision. CT Page 13476
The city filed a motion to intervene as a party plaintiff pursuant to General Statutes § 31-293, making the following allegations. At the time of the accident, plaintiff was employed by the city and his alleged injuries occurred in the course of his employment and within the scope of the Workers' Compensation Act. The city claims that it has been required, and will be required in the future, to pay workers' compensation benefits. The city's third party administrator received notice on June 15, 2000. On June 30, 2000, the city received notice and proceeded to file its motion to intervene on July 5, 2000. On July 10, 2000, the defendant, Ford Motor Credit Company, filed an objection to the motion to intervene on the ground that the motion was not timely.
"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." (Internal quotation marks omitted.) Washington Trust Co.v. Smith, 241 Conn. 734, 747, 699 A.2d 73 (1997). However, "any motion for intervention, whether permissive or of right, must be timely." (Internal quotation marks omitted.) Id., 744. "The right to intervene is lost, not merely weakened, if it is not exercised in a timely fashion." Id. Nevertheless, courts should liberally construe the rules of intervention "in order to avoid multiplicity of suits and settle all related controversies in one action." (Internal quotation marks omitted.) Id., 747.
"General Statutes § 31-293 grants to an employer who has paid worker's compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors . . . provided that the right is exercised in a timely fashion." (Citation omitted; internal quotation marks omitted.) Rana v. Ritacco, 236 Conn. 330, 335, 672 A.2d 946
(1996). "Intervention, pursuant to the Worker's Compensation Act, is controlled specifically and solely by § 31-293 (a)." Johndrow v.State, 24 Conn. App. 719, 720-21, 591 A.2d 815 (1991). General Statutes § 31-293 (a) provides in relevant part: "If the employee [or] the employer . . . brings an action against [a third] person, he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such [third] person shall abate."
Defendant Ford Motor Credit Company points out that the summons and the complaint in this case are dated November 4, 1999, with a return date of December 14, 1999. The defendant argues that because more than thirty days have passed between the time the lawsuit was commenced and the CT Page 13477 motion to intervene was filed, the city is precluded from joining as a party plaintiff pursuant to General Statutes § 31-293.
In response, the city argues that the defendants have erroneously treated the return date of December 14, 1999, as the date of notification. The city maintains that any delay that may have occurred was the result of the plaintiff/employee failing to promptly notify the city, not the city failing to assert its intervention rights. The city argues that its motion to intervene is timely because after it received notice from its third party administrator on June 30, 2000, it filed the motion on July 5, 2000, within the thirty day statutory period.
In this case, it is obvious that the delay in the process was caused by the plaintiff, not the city. Not until June 15, 2000, over six months after the complaint, did the plaintiff notify the city's third party administrator of the pending action. The city could not have filed the motion to intervene until it had received a notice from the plaintiff, its employee. "Fundamental tenets of due process . . . require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." Kron v. Thelan, 178 Conn. 189, 193, 423 A.2d 857 (1979). "An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293
[cannot] be barred from intervening by the passage of the [thirty day filing period] which this statute prescribes, because, until notice is given, the time does not begin to run." (Internal quotation marks omitted.) Durrschmidt v. Loux, 230 Conn. 100, 103, 644 A.2d 343 (1994). Thus the city cannot be held responsible for filing the motion to intervene when it did, based on the plaintiff/employee's notification.
Therefore, because the city filed its motion within the statutory period, the city's motion to intervene is hereby granted.
KARAZIN, J.