[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE
The Second Injury Fund (the Fund) moves to intervene in this medical malpractice action pursuant to General Statutes §§ 31-352 and 31-293. The plaintiff, Stephen Babich (Babich), and defendant Jeffrey Sumner, M.D. (Sumner), object to the Fund's motion. The named defendant, John Bonadies, M.D. (Bonadies), has not filed an objection.
The underlying action sets forth a cause of action against the defendants, Bonadies and Sumner (collectively the defendants), for personal injuries allegedly sustained during a surgical procedure.[1]
The following facts relevant to this motion to intervene are taken from the complaint, the parties' briefs, and their supporting documents. On February 21, 1986, Babich suffered a work-related back injury for which he received workers' compensation. In the early 1990s, Babich underwent disc surgery for this injury. His condition did not improve. and on April 1, 1998, the defendants attempted to perform a fusion L4-5. During the course of this surgical procedure, the defendants allegedly injured Babich's vena cava, which required repair of the vena cava and an additional operation to complete the fusion procedure. Babich alleges that he suffered a number of injuries and losses as a result of the vena cava injury. On August 14, 2000, Patricia Taylor, a claims settlement specialist with the Second Injury Fund, sent a letter to Babich's attorney requesting a copy of the writ, summons and complaint relating to the medical malpractice action. The requested information was faxed to Taylor's attention on the same day.
General Statutes § 31-293 (a) provides, in relevant part: "[w]hen any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other CT Page 5847 than an employer . . . a legal liability to pay damages for the injury, the injured employee may claim compensation . . . but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian of the Second Injury Fund, having paid, or having become obligated to pay, compensation under the provisions of the chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee."
General Statute § 31-352 provides that "[t]he provisions of [§]31-293 shall apply to any payments from the Second Injury Fund and the Treasurer is authorized to bring any action, or join in an action as provided by said section, when he has paid, or by award has become obligated to pay, compensation out of the fund."
On October 6, 2000, the Fund filed a motion to intervene, together with an intervening complaint. The motion avers that: (1) at the time Babich suffered his injuries, he was employed by Ulbrich Stainless Steel within the scope of the Connecticut Workers' Compensation Act, and "all of the said injuries to [Babich] arose out of and in the course of this employment"; (2) the Fund "has become liable for [Babich's] workers' compensation claim and thus the Fund has become obligated to pay sums of [moneys] to and on behalf of [Babich]"; and (3) as of the date of the Fund's motion to intervene, notification of the underlying action had not been made pursuant to the requirements set forth General Statutes §31-293.
Babich objects to the Fund's motion to intervene, arguing that while he claims that the defendants caused injury to his vena cava during the lumbar surgery, "the other sequelae of the vena cava injury . . . do not result from the lumbar surgery." (Babich's Reply Memorandum.) Babich also argues that the injuries and losses claimed by him in this medical malpractice action do not arise out of and in the course of his employment. Lastly, Babich argues that the Fund does not have a right to intervene because the vena cava injury is not an injury for which compensation is payable, therefore, no formal notice of the present action was or is required. Sumner also objects to the Fund's motion on the ground that, pursuant to General Statutes § 31-293 (1), the Fund did not file the intervening complaint within thirty days after notification of the lawsuit.
"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." (Internal quotation marks omitted.) Washington Trust Co.v. Smith, 241 Conn. 734, 747, 699 A.2d 73 (1997). "[A]ny motion for intervention, whether permissive or of right, must be timely. . . . The CT Page 5848 right to intervene is lost, not merely weakened, if it is not exercised in a timely fashion." (Internal quotation marks omitted.) Id., 744. Nevertheless, "the rules of intervention should be liberally construed, in order to avoid multiplicity of suits and settle all related controversies in one action." (Internal quotation marks omitted.) Id., 747.
The Fund argues that it is entitled to intervene in this action to seek reimbursement for the alleged damage to the vena cave because "the injury to the vena cava occurred during surgery to [Babich's] compensable back injury. . . . The 1998 surgery at issue was found to be causally related to the compensable injury and [the] Fund was ordered to pay the costs thereof." (The Fund's Amended Response, p. 2.) The Fund supports this argument with the a copy of the Workers' Compensation Commission's Finding and Award, dated March 2, 1998.[2] Babich objects to the Fund's motion, arguing that the alleged injury to the vena cava is not a compensable injury because it is a result of medical malpractice and does not arise out of and in the course of his employment.
One of the primary purposes of General Statutes § 31-293 is to "[prevent] double recovery by an employee." King v. Sultar, 253 Conn. 429,445, 754 A.2d 782 (2000). The court holds that because the injury and subsequent repair of the vena cava occurred during a surgical procedure for which the Fund was ordered to pay the related costs, the Fund has a right to intervene in this action. The court, however, makes no determination as to the amount, if any, the Fund is entitled to recover.
The court must next determine whether the Fund received proper notice of this action, and if so, whether the Fund responded within the statutorily mandated thirty days, as required by General Statutes §31-293 (a). "If the employee, the employer or the custodian of the Second Injury Fund brings an action against [a third party], he shall immediately notify the others, in writing, by personal representation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as partiesplaintiff in the action within thirty days after such notification, and, if the others fail to join as a parties plaintiff, their right of action against such person shall abate." (Emphasis added.) General Statutes § 31-293 (a). Our Supreme Court expanded the statutory notice requirements of § 31-293. Worsham v. Greifenberger, 242 Conn. 432,437-41, 698 A.2d 867 (1997). "[I]t is of particular importance that the recipient of the notice, whether it is the employee or the employer, be appraised of the consequences of inaction pursuant to the abatement provision of § 31-293. Upon receiving notice of such a proceeding, the recipient has two alternatives with respect to the recipient's own right of action: (1) move immediately to intervene in the action; or (2) do CT Page 5849 nothing before the thirty day period for action expires and lose the claim forever. Without adequate information concerning the abatement provision, the recipient simply is not informed that this choice needs to be made." Id., 441.
Although Babich maintains that he was not required to provide the Fund with formal notice of the present action, he asserts that a copy of the complaint was faxed to the Second Injury Fund, on August 14, 2000, upon the request of a claims settlement specialist. (Babich's Supplemental Memorandum.) Babich further argues that the Fund "need not be [appraised] of the consequences of inaction pursuant to the abatement provision of [§] 31-293." (Babich's Reply.) Sumner argues that the faxed copy of the complaint provided the Fund with "the minimum level of information . . . needed to choose whether or not to involve itself in the proceedings." (Sumner's Supplemental Memorandum, p. 3.) Sumner also argues that because the intervening complaint was filed on October 6, 2000, more than thirty days after the complaint was faxed to the Fund, the Fund's motion to intervene is untimely. Sumner further asserts that the Fund "can be charged with knowledge of the statutes governing workers' compensation and the fact that it had thirty days to intervene after receiving notice of the complaint," therefore, the notice provided to the Fund was adequate. (Sumner's Supplemental Memorandum, p. 3.) Conversely, the Fund argues that the statutorily mandated thirty day time limit has not yet begun to run because it has not received proper notice of this action.
The court finds that the Fund has not received proper notice of the present action, therefore, its right of action against the defendants has not abated. The language of General Statutes § 31-293 (a) is clear. Babich was required to notify the Fund "in writing, by personal representation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable. . . ." (Emphasis added.) General Statute § 31-293 (a). The complaint Babich faxed to the Fund on August 14, 2000, does not constitute adequate notice, as required by § 31-293 (a).
The Fund's motion to intervene is granted. The court, however, makes no decision that the Fund has a right to all of the medical expenses occasioned as a result of the alleged medical malpractice. Neither does the court decide that the Fund may recover expenses related to a work place injury from the proceeds of a medical malpractice action. The Fund may intervene in this action for the sole purpose of litigating in this action its right, if any, to a recovery.
By the Court, CT Page 5850
 Kevin E. Booth Judge of the Superior Court