[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO CITE IN PARTY DEFENDANTS AND LEAVE TO FILE A SECOND AMENDED COMPLAINT
Before the court are the plaintiff's motion to cite in new parties and. the plaintiff's request for leave to file a second amended complaint. This action arises out of the auction of assets of theCT Page 10764plaintiff, Stop Shop Supermarket Company (Stop Shop), by thedefendants, Alan D. Loeser Co., Inc. (company) and Alan D. Loeser (Loeser). Stop Shop claims that the defendants failed to turn over sale proceeds pursuant to the terms of an auction agreement between theparties.
On October 23, 2000, Stop Shop filed an application for a prejudgment remedy seeking to attach various real property owned by the defendants and to garnish their bank accounts. After a hearing on November 20, 2000, the court, Rush, J., rendered judgment in favor of Stop Shop in the amount of $93,579.14.[1] On December 5, 2000, Stop Shop filed a five count complaint alleging conversion against Loesser and breach of contract, conversion, theft, and violation of the Connecticut Unfair Trade Practices Acts against the company. On February 22, 2001, Stop 
Shop filed a motion to cite in Sara Loesser ang Gregory Noonan as party defendants pursuant to Practice Book § 9-22[2] and a request for leave to file a second amended complaint pursuant to Practice Book §10-60(a)(3). In response, on April 17, 2001, the defendants filed an objection to Stop Shop's motion to cite in new parties and its request for leave to amend. Thereafter, Stop Shop filed a supplemental memorandum in support of its motion to vite in new parties.
"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." Washington Trust Co. v. Smith, 241 Conn. 734, 747,699 A.2d 73 (1977); Lettieri v. American Savings Bank, 182 Conn. 1, 13,437 A.2d 822 (1980). "Factors to be considered include the timeliness of the application, the possibility or prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues. A. Secondino Son, Inc. v. LoRicco,19 Conn. App. 8, 14, 561 A.2d 142 (1989).
"General Statutes § 52-102[3] now makes it mandatory for a trial court to grant a party's motion to add a person as a party if that person is necessary for a complete determination or settlement of any question involved therein. . . ." (Internal quotation marks omitted.) Donner v.Kearse, 234 Conn. 660, 669, 662 A.2d 1269 (1995). "Necessary parties . . . are those [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." (Internal quotation marks omitted.) Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 225-26 n. 10, 680 A.2d 127
(1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308
(1997). CT Page 10765
Stop Shop argues that Loeser's wife, Sara Loeser, and Gregory Noonan, one of his attorneys, should be cited in as defendants in the present action because they are necessary parties. Stop Shop alleges that on December 6, 2001, the day after it filed its complaint, Loeser transferred real property located at 1875-1901 Post Road in Fairfield to Sara Loeser by quitclaim deed for $1. This property is one of the properties Stop Shop sought to attach in its prejudgment remedy. Attorney Noonan witnessed and signed the quitclaim deed.[4] Shop Stop claims that this transfer was fraudulent and, therefore, Sara Loeser and Noonan should be cited in as defendants, and it should be able to amend its complaint to state facts showing the involvement of Sara Loeser and Noonan in the alleged fraudulent transfer.
The defendants contend that Sara Loeser and Noonan should not be cited in because the transfer of property was not fraudulent and, therefore, they are not necessary parties to the present action.[5] The defendants argue that the court must look to the merits of the new claim when determining if the parties are necessary parties and in so doing should conclude that Sara Loeser and Noonan are not necessary parties.[6] In its supplemental memorandum, Stop Shop argues that it is not proper for the court to consider the merits of the new claim when deciding whether the parties should be cited in as defendants.
In Martin v. O'Meara, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160364 (March 18, 1998,Karazin, J.) (21 Conn.L.Rptr. 537), the court determined that it is inappropriate to address the merits of the underlying action when considering a motion to cite in a party defendant. The court stated the following reasons for its conclusion: 1) the court does not necessarily have the complaint that asserts the cause of action against the additional defendant at the time the ruling on the motion to cite in is made; 2) all of the procedural vehicles available to challenge the adequacy of the complaint are available to the cited in defendant; 3) in some situations, the existing defendant may not have standing to challenge the new complaint because the right rests with the cited in defendant; and 4) it logically may be concluded that because no argument as of right is available on a motion to cite in, the legislature and/or rules committee never intended for the court to address the legal sufficiency or merits of an action on a motion to cite in. Id., 537-38.
This court finds Martin persuasive and, therefore, without considering the merits of Stop Shop's new claims, the court holds that Sara Loeser and Noonan are necessary parties to the present action and should be cited in as party defendants because they are necessary for a complete determination or settlement of the present action.[7] See, eg., Fokasv. Meenhan [Meehan], Superior Court, judicial district of CT Page 10766 Stamford-Norwalk at Stamford, Docket No. 148911 (April 26, 1996,Karazin, J.) (plaintiff's motion to cite in defendant's wife was granted where the plaintiff alleged that property that had been owned by the defendant was transferred to the defendant's wife in order to avoid a lis pendens that had been filed on the property). Accordingly, Stop Shop's motion to cite in Sara Loeser and Noonan as party defendant and its request for leave to file a second amended complaint are hereby granted.
SKOLNICK, J.