[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE (#124)
The plaintiffs in this action are the David S. Eisenberg and Lucy T. Eisenberg Living Trust, and Jessica T. Matthews. On October 6, 2000, the plaintiffs filed a partition action with the court against the defendant, Alma Tuchman. According to the complaint, the plaintiffs and the defendant, as tenants-in-common, each has a one-third undivided interest in property located in Greenwich, Connecticut. The plaintiffs ask the court to order an equitable partition, or partition by sale of the premises and a division of the proceeds.
On August 13, 2001, the town of Greenwich, (the town), filed a motion to intervene as a plaintiff and a memorandum in support. The town brings its motion to intervene pursuant to General Statutes §§ 52-101 and52-107, and Practice Book §§ 9-3 and 9-18. The town alleges that on June 4, 2001, it entered into an agreement with the plaintiffs to purchase the plaintiffs' two-thirds interest in the property after the partition, and argues that its status "[a]s a contract purchaser of a portion of the land at issue, and as an abutting property owner with public and environmental interests that will be affected by the judgment . . . it meets the requirements for intervention as of right as well as permissive intervention."
On August 21, 2001, the defendant filed an objection in opposition to the town's motion. The defendant argues that the town's claim of equitable title is a sham and that the town seeks to deprive her of her property without due process of law in violation of her rights under the United States and Connecticut constitutions. The defendant also argues that the town does not have title to the property because the agreement between the town and the plaintiffs is "executory" in nature and therefore, "nothing has vested under the agreement."
"For purposes of judging the satisfaction of [the] conditions [for intervention] we look to the pleadings, that is, to the motion for leave to intervene and to the proposed complaint for defense in intervention, and . . . we accept the allegations in those pleadings as true. The question on a petition to intervene is whether a well-pleaded defense or claim is asserted. Its merits are not to be determined. The defense or claim is assumed to be true on a motion to intervene, at least in the absence of sham, frivolity, and other similar objections." (Internal CT Page 6351 quotation marks omitted.) Washington Trust Co. v. Smith, 241 Conn. 734,746, 699 A.2d 73 (1997).
"[I]ntervention of right is permitted in Connecticut practice pursuant to Practice Book § 99 [now § 9-18] which provides in relevant part: `If a person not a party has an interest or title which judgment will affect, the court, on his motion, shall direct him to be made a party.[1]'" Washington Trust Co. v. Smith, supra, 241 Conn. 739. "An applicant for intervention has a right to intervene under Practice Book § 99 [now § 9-18] where the applicant's interest is of such adirect and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment. . . . [A] person or entity does not have a sufficient interest to qualify for the right to intervene merely because an impending judgment will have some effect on him, her, or it. The judgment to be rendered must affect the proposed intervenor's direct or personal rights, not those of another." (Citations omitted; emphasis in the original; internal quotation marks omitted.) Washington Trust Co. v. Smith, supra, 241 Conn. 740-41.
In its intervening complaint, the town alleges that it is a vendee under a contract with the plaintiffs to purchase their interest in the property after partition. Accepting this allegation as true for purposes of the motion to intervene, then under the doctrine of equitable conversion, the town is vested with an equitable title in the land. See, e.g. Fidelity Trust Co. v. BVD Associates, 196 Conn. 270, 281-82,492 A.2d 180 (1985). As such, this equates to a vested right which "is one that equates to legal or equitable title to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exception from a demand made by another." (Internal quotation marks omitted.) Oxford Tire Supply, Inc. v. Commissioner ofRevenue Service, 253 Conn. 683, 694 n. 15, 755 A.2d 850 (2000).
The town has alleged that it has equitable title to the property. Thus, the town has alleged a sufficient interest to qualify it to intervene in this partition action as a matter of right, because the judgment will affect its direct or personal rights. See Washington Trustv. Smith, supra, 241 Conn. 740-41 (party who alleges he is owner of equity of redemption in property subject to foreclose has alleged sufficient facts to intervene in foreclosure action); Webster Bank v.Zak, 259 Conn. 766, 777-80, ___ A.2d ___ (2000) (party that alleges it is successor in interest to owner of foreclosed property has alleged sufficient interest to intervene in foreclosure action); Lanna v.Greene, 175 Conn. 453, 461, property has alleged sufficient interest to intervene in foreclosure action); Lanna v. Greene, 175 Conn. 453, 461,399 A.2d 837 (1978) (contract for sale of land vests vendees with equitable title interest in property sufficient to give the vendees CT Page 6352 standing to challenge lease).
Contrary to the defendant's argument, the allegations do not show that the town is acting to deprive her of her property. the town merely alleges that it has entered into a contract to buy the two-third's interest of the property owned by the plaintiff. The defendant's additional argument that the executory nature of the agreement prevents the town from having an equitable interest in the property is also unavailing. The court has held that, "[u]nder the doctrine of equitable conversion . . . the purchaser of land under an executory contract is regarded as the owner, subject to the vendor's lien for the unpaid purchase price, and the vendor holds the legal title in trust for the purchaser. . . . The vendor's interest thereafter in equity is in the unpaid purchase price, and is treated as personalty; while the purchaser's interest is in the land and is treated as realty." (Citations omitted; emphasis added; internal quotation marks omitted.) Francis T.Zappone Co. v. Mark, 197 Conn. 264, 267, 497 A.2d 32 (1985). As such, even if the contract between the town and the plaintiffs is executory in nature, under the doctrine of equitable conversion, the town is the owner.
The town's allegations that it has entered into a contract to purchase the plaintiffs' two-thirds interest in the property subject to the partition action, are allegations of sufficient facts, which if accepted as true, qualify the town to intervene as of right. The town maintains that it also meets the requirements for permissive intervention. In cases where the "applicants do not have a sufficient direct or personal interest . . . to qualify for intervention of right, they [may] have sufficient interest upon which to base a request for permissive intervention. . . . Such intervention, of course, is a matter entrusted to the discretion of the trial court." (Citations omitted.) Horton v.Meskill, 187 Conn. 187, 197, 445 A.2d 579 (1992); see also Practice Book9-3[2]. "The consideration of permissive intervention involves numerous factors including the timeliness of the intervention, the proposed intervenor's interest in the controversy, the adequacy of representation of such interests by other parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court." Horton v. Meskill, supra, 187 Conn. 197.
"A ruling on a motion for permissive intervention would be erroneous only in the rare case where such factors weigh so heavily against the ruling that it would amount to an abuse of the trial court's discretion." Id. "It must be kept in mind . . . that the rules of intervention should be liberally construed, in order to avoid multiplicity of suits and settle all related controversies in one action." (Internal quotation CT Page 6353 marks omitted.) Washington Trust Co. v. Smith, supra, 241 Conn. 747. Having already established that the town's equitable interest in the property at issue qualifies them for the right to intervene, it is submitted that the court need not decide this motion under permissive intervention principles.
The town has alleged sufficient facts to qualify for intervention as a matter of right, therefore, the court grants the town's motion to intervene.
 ___________________ WILLIAM F. HICKEY JUDGE TRIAL REFEREE