[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #121 — MOTION TO INVERVENE
The instant action concerns an appeal from a decision of the Zoning Board of Appeals of the Town of Killingworth. The plaintiffs are the owners of fourteen dogs, all of which are kept on real property known as 566 Route 148, Killingworth, CT.
The plaintiffs are appealing the Board's decision to uphold a cease and desist order of Zoning Enforcement Officer of the Town of Killingworth ordering the plaintiffs to "remove all dogs in excess of four to bring [their] property into compliance with the Killingworth Zoning regulations . . ."
On August 12, 2002, Kerry O'Connell and Shawn O'Connell filed a motion to intervene and to be made party defendants in the instant action. The O'Connells assert that they are aggrieved persons under the provisions of § 8-8 of the Connecticut General Statutes for reason that their land abuts the land that is the subject of the instant action. They further assert that they will "either gain or lose by the direct legal operation and effect of the judgment in this case and should the appeal be sustained they will be forced to live next door to fourteen (14) or more dogs and they will continue to suffer from excessive noise and odors created by the large number of dogs. They lastly assert that their property value will be reduced if the appeal is sustained.
On September 19, 2002, the plaintiff filed an objection to the Motion to Intervene.
The court notes that the plaintiff does not attack the Motion to Intervene on the basis of being untimely. The plaintiff's first objection is that a Memorandum of Law did not accompany the Motion to Intervene. This argument is moot in light of the fact that there is an uncoded "Memorandum In Support of Motion to Intervene", dated September 27, 2002, in the file. CT Page 13382
The plaintiffs next assert that testimony is required in order for the movants to prove a basis for intervention, however the plaintiffs do not site any legal authority for this position. Furthermore, this position appears to be in conflict with the case law in this state that provides that "the matter must be determined on the basis of the facts alleged in the petition itself." Yale University v. New Haven, 22 Conn. Sup. 61, 63
(1960), cited in Washington Trust Company v. Smith, 241 Conn. 734, 748
(1997).
In both federal and Connecticut decisions, in reviewing the denial of a motion to intervene, the pleadings are accepted as correct, and the interest of an intervenor does not have to be proved by testimony or evidence. Washington Trust Co. v. Smith, supra, 241 Conn. 746-47; see also United States v. American Telephone Telegraph Co., 642 F.2d 1285, 1291
(D.C. Cir. 1980). The right to intervene is based on the allegations of the would-be intervenor, without regard to their actual validity. Nizzardo v. State Traffic Commission, 55 Conn. App. 679, 685, 739 A.2d 744
(1999), cert. granted on other grounds, 252 Conn. 943, 747 A.2d 520 (2000). Further, the rules for intervention should be construed liberally to avoid multiplicity of suits. Washington Trust Co. v. Smith, supra, 747. The denial of a motion to intervene as of right raises a question of law and warrants plenary review, whereas a denial for permissive intervention is reviewed with an abuse of discretion standard. See Edwards v. Houston, supra, 78 F.3d 1000. (emphasis added)
Rosado v. Bridgeport Roman Catholic Diocesan Corp., 60 Conn. App. 134,142 (2000).
The plaintiffs' third challenge to the motion provides that the movant's motion does not cite legal authority for intervention. The plaintiffs seek to have this court to construe the subject motion on a narrow and technical basis however:
. . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the CT Page 13383 complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient. . . ." (Internal quotation marks omitted.) Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475, 484-85, 784 A.2d 1027
(2001).
Witczak v. Gerald, 69 Conn. App. 106, 108 (2002).
The plaintiffs' fourth challenge to the motion to intervene provides that the movants fail to satisfy the criteria for permissive intervention or intervention as of right.
The courts or our state have developed two general standards for intervention, permissive intervention and intervention as a matter of right.
In their Memorandum in Support of Motion to Intervene dated September 27, 2002 the movants assert that they have met the requirements for intervention under both standards.
As to intervention as of right, the movants allege that they own property that abuts the property that is the subject of this action. They further allege that they support the cease and desist order that prevents the plaintiff from boarding and grooming dogs on her property. The movants assert that they "have a special interest that will be directly affected by the outcome of this action". (Memorandum at page 2). They further assert that the defendant's interest in protecting the community, as a whole may be inadequate to protect their specific interests and property (Memorandum at page 3).
The case law in this state indicates that our courts follow Rule 24 of the Federal Rules of Civil Procedure to resolve issues of intervention as of right:
. . . Connecticut appellate cases often have relied on rule 24 of the Federal Rules of Civil Procedure in determining issues of intervention and, in those decisions, the courts have spoken approvingly of the rule . . . "Cases involving rule 24 (a) establish four requirements that an intervenor must show to obtain CT Page 13384 intervention as of right. The motion to intervene must be timely, the movant must have a direct and substantial interest in the subject matter of the litigation, the movant's interest must be impaired by disposition of the litigation without the movant's involvement and the movant's interest must not be represented adequately by any party to the litigation." (internal citations omitted)
Wallingford Center Assoc. v. Board of Tax Review, 68 Conn. App. 803, 811
(2002).
After reviewing the appeal, motions and documentation in support of said motion, this Court comes to the conclusion that the movants have sufficiently shown that they have met all of the requirements of Rule 24 and therefore are entitled to intervene in this matter as of a matter of right.
As to the issue of permissive intervention, taking all of the factors into consideration that the court took into consideration for its decision as to intervention as a matter of right, this court also comes to the conclusion that the movants have adequately stated sufficient grounds for their permissive intervention into this matter.
For all of the reason stated herein, the Motion to Intervene is granted.
_________________________ Richard Allan Robinson, J October 22, 2002 CT Page 13392