### ISAAC LAKE'S APPEAL FROM PROBATE.

An appeal from a probate decree was taken by one of several heirs equally inter-
ested, under an arrangement with the other heirs by which the appeal was to be
taken in his name and they were to share the expenses of the litigation. After
the appeal was taken, and when it was too late to take any other, the appellant
settled with the principal appellee, the latter purchasing and taking a convey-
ance of his interest in the estate; but the settlement was made with no knowl-
edge on the part of the appellee of the arrangment under which the appeal was
taken. After the settlement the appellant moved in the superior court to with-
draw his appeal, which the other heirs opposed on the ground of the agreement
under which it was taken. Held, that the appellee having acted in good faith
in making the settlement, the court could not properly refuse to allow the with-
drawal.

A motion to withdraw a case can be made orally as well as in writing.

THE appellant, Isaac Lake, who was one of the heirs at law
of Isaac Lake deceased, appealed to the superior court from
a decree of the court of probate accepting a distribution of the
estate of the deceased, on the ground that a portion of the
estate was distributed which was intestate estate. The ques-
tion depended upon a construction of the will, and several
other heirs were interested equally with the appellant in the
result of the appeal.

It appeared that, previous to taking out the appeal, the
appellant entered into an arrangement with the other heirs,
by which he was to take the appeal in his own name and they
were to share with him the expense of prosecuting it, and
a written agreement was signed by the other heirs to pay
their shares of such expenses. After the appeal was taken,
and while the suit was pending in the superior court, and
after it was too late for any other heir to take an appeal, a
settlement was made between the appellant and the principal
appellee, by which the latter purchased the interest of the
appellant in the estate, which the latter thereupon assigned
to him by an instrument under seal. The appellant then
appeared in court and informed the court that he withdrew
his appeal and moved that his withdrawal be entered on the
record. The other heirs thereupon appeared and opposed the

motion, denying the right of the appellant to withdraw the appeal, and stating to the court the arrangement under which the appeal was taken by the appellant for the benefit of all the heirs, and exhibiting to the court the written instrument before mentioned. The appellees also appeared and claimed that the suit was settled and should be withdrawn.

The court found that the settlement was made between the appellant and the appellees without any knowledge on the part of the latter of the written agreement before mentioned, or of the arrangement by which the appellant was to prosecute the appeal for the benefit of all the heirs ; and reserved for the advice of this court the question whether the appeal was legally withdrawn, and whether, if it was not, the appellant should be now allowed to withdraw it, or whether the appeal could or should be further prosecuted for the benefit of the other heirs interested.

*Hawley* and *Taylor*, in support of the motion to withdraw. It is no objection that the motion is made orally. It is merely a motion to withdraw. It is always the right of a plaintiff to withdraw his case at his pleasure. A written motion is applicable only to the case of a defendant who moves to have a cause stricken from the docket, and the motion is required to be in writing only for the purpose of bringing to the notice of the court some matter not already appearing upon the record, which shows that the suit should not be entertained. But the motion to withdraw has nothing to do with any defect in the suit. It is just as applicable to the case of a good writ as to that of a bad one.

The rights of the other heirs were mere rights by a private agreement with the appellant. The court can take no notice of that agreement. The appellees having no knowledge of it, can not be affected by it. It gave these heirs no interest in the suit as parties, in any sense. They acquired no control over it except through the appellant. And their only remedy is against him on the agreement.

The appellee who purchased the interest of the appellant acted in entire good faith in doing so. He supposed him to

be the only party interested in pursuing the appeal. He chose to pay him largely for his interest, rather than to incur the expense of defending the suit. He has thus paid, and yet has failed to get what he paid for in good faith, if the court will not now allow the appeal to be withdrawn.

*Belden* and *Brewster*, with whom was *Averill*, contra.

A case will not be stricken from the docket on a mere oral motion, unless on some ground appearing on the record when it is entered on the docket. *Wickwire* v. *The State*, 19 Conn., 477 ; *Saunders* v. *Denison*, 20 id., 521, 527. If the appellant desires to withdraw personally, the case should yet be allowed to remain on the docket for the further prosecution of it by the other heirs, for whose benefit it was taken equally with that of the appellant. The court has entire control of all causes before it, and in probate cases is acting as a court of probate. Probate courts are like courts of equity as to parties to proceedings before them. They can look not merely at the parties on the record but at the parties really and beneficially interested. New parties can also be brought in where necessary, and a case once before the court will never be dismissed for want of parties. Great latitude is allowed to prevent fraud, unnecessary litigation and injustice. *New London Bank* v. *Lee*, 11 Conn., 112 ; *Trinity Church* v. *Hall*, 22 id.. 125 ; *Pond* v. *Clark*, 24 id., 370, 383 ; *McGown* v. *Leavenworth*, 2 E. D. Smith, 24 ; *Patton* v. *Allison*, 7 Humph., 320 ; *Benjamin* v. *Teel*, 11 Iredell, 49 ; Barbour on Parties to Actions, 49, 295. The other heirs ought not to be deprived of their interest in the estate by the collusion of their representative with the appellees. The latter must have known of the number of the heirs, and that they were equally interested in the controversy, and how they would be affected by the settlement.

PARK, J. The parties who opposed the withdrawal of this case in the court below, claim the right to appear and prosecute the appeal, although the case has been settled by the parties to the record, the appeal discharged and abandoned by

the appellant, and all connected with the case have appeared in court and requested that the cause be discontinued.

It appears that just previous to the taking of the appeal, John Lake, one of the heirs of Isaac Lake deceased, acting for himself and other heirs of said Lake, had a conversation with the appellant upon the subject of taking an appeal, which resulted in an agreement that the appeal should be taken by the appellant, and the other heirs should bind themselves by an instrument in writing to pay to the appellant their proportion of the expense of prosecuting the suit. The appeal was taken accordingly, and the instrument in writing given, and upon this ground the parties giving it claim the right to appear and prosecute the appeal, although the appellees in good faith settled the controversy with the appellant, without any knowledge of this agreement.

Under such circumstances can the agreement avail these parties? It is not pretended that it conferred any legal interest in the appeal, for that could be acquired only by pursuing the course prescribed by the statute ; but the claim is, that the agreement constituted them parties in equity.

What the effect might have been if the appellees had had knowledge of the agreement at the time the appeal was taken, or before the settlement was made, it is unnecessary to consider; but without such knowledge it is clear that these parties have no equitable claim, for manifestly it would be unjust to hold the appellees bound by an arrangement of which they had no knowledge or means of knowledge.

The appellant was the only party to the record, and we think the appellees had the right to consider that he only felt aggrieved by the doings of the court of probate.

Any other view would render it hazardous for the appellees in any case to settle the controversy with the party to the record ; and their safety would require that discharges should be procured from all parties interested in the settlement of the estate, for they would never know but that some secret arrangement existed like the one in question. We think therefore that these parties have failed in equity as well as in law to show a right to appear and prosecute this appeal.

Another objection is made to the withdrawal of this case, on the ground that the motion was made orally to the court, and not in writing, stating the grounds of the request. If this objection was sound it is clear that these parties can not make it, for if they have no right to appear and prosecute the appeal, they are mere strangers, and strangers can not be heard.

But what shall the court do with the case? Causes remain upon the docket to be tried. Shall the court order the case tried notwithstanding it has been settled, a discharge given, and a request made by both parties that it be withdrawn? This can hardly be claimed. For what purpose then should it remain longer encumbering the docket? Manifestly for no purpose. Similar cases are every day withdrawn with as little formality.

We advise the superior court that the appellant should have leave to withdraw the case from the docket of the court.

In this opinion the other judges concurred.