LELA W. EMMONS *v.* HARTFORD NATIONAL BANK AND
TRUST COMPANY, EXECUTOR (ESTATE OF
HAROLD E. SAWYER)

SUPERIOR COURT       MIDDLESEX COUNTY       FILE No. 19340

Memorandum filed February 10, 1970

*Robert N. Shea,* of Niantic, for movant William
C. Bendig.

*Schatz & Schatz,* of Old Saybrook, for the plaintiff.

*Robinson, Robinson & Cole,* of Hartford, for the
defendant.

PALMER, J. In this pending appeal from probate,
William C. Bendig, hereinafter called the applicant,
has filed a "Motion to Be Made Party to Appeal" in
which he alleges that the appeal concerns the validity of a will of the decedent; that this will provides
that certain property and money are to be left the
applicant; and that the outcome of this appeal will
affect his property rights. He prays "that he be
allowed to appeal in said case and present evidence." Seemingly, the applicant is equating the
right to be made a party in a pending appeal and
the right to take an appeal.

The record in this case discloses that the plaintiff moved for an appeal in the Probate Court for
the district of Essex from a decree of that court

admitting to probate the will of the decedent, dated February 14, 1964, and a codicil thereto dated November 17, 1966, and on February 6, 1969, the Probate Court allowed the appeal, which is now pending in this court.

The applicant makes no claim that he was not at all times in question of full age and an inhabitant of this state. See General Statutes § 45-291. Nor does he claim that he did not receive such notice as he was entitled to by law. See General Statutes § 45-294. Accordingly, the applicant's status is simply that of a person who neglected or omitted to take an appeal from the decree of the Probate Court admitting the will and codicil of the decedent to probate within the thirty days prescribed by statute. General Statutes § 45-289. And apparently he now wishes to rectify that neglect or omission by the instant motion.

The prayer of the applicant's motion "that he be allowed to appeal" seeks to invoke a power that this court does not possess, namely, to allow an appeal from probate. Only a Probate Court may allow an appeal from its own decree. 1 Locke & Kohn, Conn. Probate Practice § 199. The court will therefore treat the instant motion in accordance with its entitlement as a motion to be made a party to this pending appeal pursuant to the customary practice in ordinary civil actions. General Statutes §§ 52-103, 52-107.

There do not appear to be any Connecticut decisions directly in point, but Locke & Kohn, the acknowledged and accepted authority in regard to matters of Connecticut probate practice, says: "Potential appellants who do not join in the appeal [from probate], or take a separate appeal, within the time limited, lose the right of appeal and can only rely on the fortuitous benefits sometimes en-

joyed by nonappealing parties heretofore discussed. Therefore, there is no occasion in probate appeals for 'citing in' new parties as in the ordinary civil action." 1 Locke & Kohn, op. cit. § 211, p. 434.

In this state each probate appellant, actual or potential, must stand on his own feet. It is each man for himself. If he takes an appeal, he may make a settlement out of court with the appellee, the latter being in good faith, and nonappealing parties claiming to be aggrieved cannot prevent the appellant from withdrawing his appeal, even in violation of an agreement with them. *Lake's Appeal,* 32 Conn. 331. If he does not take an appeal, he loses the right to do so. To permit him to circumvent the statutory requirements for taking an appeal by permitting him to become a party to another's appeal on a simple motion would be to defeat the clear legislative intention that any person aggrieved by a decree of a court of probate must appeal therefrom within the time limited by law. General Statutes §§ 45-288, 45-289. This the court cannot do.

The applicant's motion to be made a party to this appeal must be, and is, denied.