On June 9, 1975, the zoning inspector of the town of Weston issued a cease and desist order that Margaret N. Bucky, the plaintiff, cease the grooming and boarding of dogs at her premises on Ten O'Clock Lane in Weston. That order was appealed to the Zoning board of appeals by the plaintiff who also applied for a special permit under 343 of the zoning regulations to permit the grooming of dogs and the teaching of grooming and care of pets as a home occupation. The zoning board of appeals denied the appeal from the cease and desist order and the application for a special permit. The plaintiff then appealed to the Court of Common Pleas, where Walter E. Donaghy filed a motion to intervene and a motion to be made a party defendant, which motions were denied by the court.
In his motion Donaghy represents, without contradiction, that he is a resident and co-owner with his wife of the premises known as No. 24 Ten O'Clock Lane in Weston, which premises abut the plaintiff's kennel and residence. Donaghy claims that he will be adversely affected if the decision of the zoning board of appeals is reversed in that his property will be substantially reduced in value, increased traffic and congestion will result, and the residential character of the area will change. Donaghy has a special interest as an abutting owner which will be directly affected by the matter under determination.
For a number of years, the courts of Connecticut have been liberal in permitting abutting owners of real property to be made parties in zoning matters. Section 8-8 of the General Statutes permits abutting owners to appeal from any adverse decision of zoning boards of appeal. Donaghy would have been able to appeal if the board had acted favorably upon the plaintiff's application. He would not be able *Page 608 
to seek review of a decision of the Court of Common Pleas reversing the action of the board, however, unless he were permitted to intervene in this action.
Section 52-102 of the General Statutes permits any person who claims an interest in the controversy adverse to the plaintiff to be made a defendant. Section 52-107 of the General Statutes directs that a person who has an interest which the judgment will affect should be made a party to the action. See Practice Book 61. In Greenwich Gas Co. v. Tuthill, 113 Conn. 684, 695, our Supreme Court permitted the intervention as parties defendant of persons asserting a special interest in the matter under determination. "Intervention may be claimed as a right when the intervenor `will either gain or lose by the direct legal operation and effect of the judgment.'" DeFelice v. Federal Grain Corporation, 12 Conn. Sup. 199,201, citing W. H. Glover Co. v. Smith, 126 Me. 397.
We conclude that the interest of Walter E. Donaghy as an abutting owner under the circumstances of this case is sufficient so that he should be permitted to intervene in this action.
 There is error, the case is remanded with direction to grant the motion to intervene and the motion to be made a party defendant.
PARSKEY, A. ARMENTANO and D. SHEA, Js., participated in this decision.