ISSUE
Whether the court should grant the motion of the plaintiffs to add Peak Development Corporation as a party plaintiff pursuant to Practice Book Sec. 99.
FACTS
The following facts are alleged in the appeal, #101, and in the plaintiffs' motion to add a party plaintiff, #110. On October 1, 1990, the co-plaintiff Brickyard of Cromwell, Inc. was the owner of 109 condominium units located in Cromwell, Connecticut ("the subject premises").
The Assessor of the Town of Cromwell (the "Assessor") determined a value for the subject premises and placed this figure on the October 1, 1990 grand list (the "1990 grand list"). CT Page 5356
On January 2, 1991, Brickyard of Cromwell, Inc. conveyed the subject premises to the other co-plaintiff, Brickyard Development Corporation. Pursuant to General Statutes Sec. 12-62a(b), the subject premises is liable for taxation at seventy percent of its true and actual value as determined by the Assessor. The plaintiffs appealed the assessment to the defendant Board of Tax Review of the Town of Cromwell (the "Board"). The Board did not reduce the assessment on the subject premises. The plaintiffs filed the present appeal of the Board's decision on May 24, 1991. They alleged that the Assessor improperly overassessed the subject premises and requests that the assessed value be reduced to its true and actual value.
On July 26, 1991, Brickyard Development Corporation conveyed the subject premises to Peak Development Corporation ("Peak"). The plaintiffs now move this court to add Peak as a party plaintiff.
DISCUSSION
The plaintiffs argue that the court should add Peak as a party plaintiff pursuant to Practice Book Sec. 99 because Peak is the record owner of the subject premises and is responsible for the payment of property taxes.
The Board argues that Peak cannot be added as a party plaintiff because Peak was not "aggrieved" by the Board's decision as that term is used in General Statutes (Rev. to 1989) Sec. 12-118, as amended by Public Acts No. 90-266 (1990).
Practice Book Sec. 99 provides:
 The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others, but, if a complete determination cannot be had without the presence of other parties, the court may direct the brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his [or her] motion, shall direct him [or her] to be made a party.
Horton v. Meskill, 187 Conn. 187, 191 n. 5, 445 A.2d 579 (1982).
 "An applicant for intervention has a right to intervene under Practice Book Sec. 99 where the applicant's interest is of such a direct and immediate character that the applicant "`will either gain or lose by the direct legal operation and effect of the judgment.'" Bucky v. Zoning Board of Appeals, [33 Conn. Sup. 606, 608, 363 A.2d 1119 (App. Sess. 1976)]; DeFelice v. Federal Grain, [12 Conn. Sup. 199, (C.P. 1943)]; see Smith v. Cale, 144 U.S. 509, 518, 12 S.Ct. 674, 36 L.Ed. 521
CT Page 5357 (1892)." Horton v. Meskill, supra, 195.
State Board of Education v. Waterbury, 21 Conn. App. 67, 72,571 A.2d 148 (1990).
If Peak had become obligated to pay the tax levied on the subject premises based on the 1990 grand list by virtue of the purchase and sale agreement between it and Brickyard Development Corporation, there is little question but that Peak would gain or lose by the legal operation of the present tax appeal. See General Statutes Sec. 12-70. The plaintiffs have not alleged, nor is it revealed on the face of the deed appended to the motion that Peak has become so obligated. Accordingly, Peak is not entitled to intervene as of right.
Permissive intervention, on the other hand, "is a matter entrusted to the discretion of the trial court." Horton v. Meskill, supra, 197.
 "The consideration of permissive intervention involves numerous factors including the timeliness of the intervention, the proposed intervenor's interests in the controversy, the adequacy of representation of such interests by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court. See Fed.R.Civ.Proc. 24(b). A ruling on the motion for permissive intervention would be erroneous only in the rare case where such factors weigh so heavily against the ruling that it would amount to an abuse of the trial court's discretion." Horton v. Meskill, [supra], 197; see also In re Juvenile Appeal, (Docket No. 10718), 188 Conn. 259, 266, 449 A.2d 165 (1982) (Shea, J., dissenting).
Milford v. Local 1566, 200 Conn. 91, 94, 510 A.2d 177 (1986).
CONCLUSION
In view of the aforementioned standards, the court may, in its discretion, grant the plaintiffs' motion to add Peak Development Corporation as a party plaintiff. Furthermore, the Board's argument that Peak should not be added as a plaintiff because Peak could not maintain the appeal is unpersuasive because the present issue is one of intervention rather than standing.
On the basis of the foregoing the court grants Plaintiffs' motion to add Peak Development Corporation as a party plaintiff. CT Page 5358