[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 15, 1997
This is a three-count complaint seeking damages for personal injuries from the defendants, Thomas Delorm, a physical education instructor in the Hartford public schools, Eddie Davis, Hartford Public Schools Superintendent, the city of Hartford (Hartford) and the Hartford Board of Education (Board).
The plaintiff, Edwin DeLeon, Jr., through his mother and next friend, Luz Soto, alleges the following facts. While participating in a wrestling program at the Fox Middle School in Hartford on December 13, 1994, the plaintiff sustained injuries when the defendant, Delorm, dropped another student on top of him while demonstrating a wrestling move. DeLeon was kicked by the other student in his abdomen and his injuries were exacerbated when the defendant, Delorm, and another student moved him without consulting a medical professional.
Count one of the complaint is against Delorm, alleging that he was negligent. Count two alleges negligence against Davis, as superintendent, for failing to: (1) train Delorm in the proper way to conduct a physical education program; (2) provide adequate staff to supervise and monitor participants in the wrestling program; (3) promulgate rules and policies regarding conducting organized student wrestling activities in a safe manner; and (4) insure that appropriate medical professionals were available during the wrestling program. In count three, the plaintiff claims indemnity from Hartford for the negligent acts of the city's employees, as alleged in counts one and two, pursuant to General Statutes § 7-465. The plaintiff also claims indemnity from the Board for the negligent acts of its employees, as alleged in counts one and two, pursuant to General Statutes §10-235.
On January 15, 1997, the defendants moved to strike all three counts of the complaint on the ground that the actions of the individual defendants are protected by the doctrine of government immunity, and count three should also fail because indemnification is derivative of the claims set forth in counts CT Page 3744 one and two, which fail to state a claim. The plaintiff claims that the determination of whether the acts complained of are discretionary or ministerial is a question of fact, which is inappropriate for the court to decide on a motion to strike.
 I
Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). When it is apparent from the face of the complaint that a municipality charged with negligence was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the municipal defendants are not required to plead governmental immunity as a special defense but may attack the legal sufficiency of the complaint through a motion to strike. Brown v.Branford, 12 Conn. App. 106, 111 n. 3 (1987). See also Heigl v.Board of Education of New Canaan, 218 Conn. 1, 8-9 (1991).
"A municipality's potential liability for its tortious acts is limited by the common law principle of government immunity . . . Governmental immunity, however, is not a blanket protection for all. A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts." Heigl v. Board of Education, supra,218 Conn. 4-5. Likewise municipal employees have a qualified immunity in the performance of governmental acts or those performed wholly for the direct benefit of the public and which are supervisory or discretionary in nature but are liable for the misperformance of ministerial acts i.e. those which are to be performed in a prescribed manner without the exercise of judgment or discretion.Mulligan v. Rioux, 229 Conn. 716, 727 (1994).
 II
One of the exceptions to the principle that a municipal employee is entitled to immunity from liability for the performance of discretionary acts is "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Evons v. Andrews, 211 Conn. 501, 505 (1989); Purzycki v.Town of Fairfield, 44 Conn. App. 359, 363 (1997).
In the present case, while the alleged acts of the individual CT Page 3745 defendants appear to be discretionary the circumstances are such that the actions of Delorm complained of were likely to subject an identifiable person like the plaintiff to harm.
In count one, the plaintiff alleges that the defendant, Delorm, failed to supervise the students; failed to position the students to protect them from harm while he demonstrated the wrestling maneuver; failed to demonstrate the maneuver in a safe or prudent manner; and moved the plaintiff after he was injured, which exacerbated his injuries.
Viewed in their most favorable light, these allegations suggest that the type of accident which occurred was foreseeable. Furthermore, all students participating in the wrestling program were members of a foreseeable class of persons to whom both of the individual defendants owed a duty of care. See Sestito v.Groton, 178 Conn. 520, 527-28 (1979). It is concluded that the plaintiff alleges legally sufficient claims in counts one and two and that the defendants, Delorm and Davis, are precluded from invoking the doctrine of government immunity in their motion to strike. See Burns v. Board of Education, 228 Conn. 640, 1 (1994), where the Supreme Court found that "[t]he result of [a] network of statutory and constitutional provisions is that the superintendent of schools bears responsibility for failing to act to prevent the risk of imminent harm to school children as an identifiable class of beneficiaries of his statutory duty of care."
 III
Count three of the complaint is directed against both Hartford and the Board, claiming indemnity for the negligent actions of the individual defendants.
General Statutes § 10-235 provides that "[e]ach board of education shall protect and save harmless any . . . teacher or other employee [of such board] . . . from financial ross and expense . . . arising out of any claim . . . by reason of alleged negligence . . ." General Statutes § 10-235 (a). This statute makes indemnification available to a board of education employee for losses sustained from claims or suits for damages. King v.Board of Education, 203 Conn. 324, 326 (1987).
Since both Hartford and the Board have a duty to indemnify their employees, and this duty to indemnify is derivative of the CT Page 3746 claims in counts one and two against the employees, Delorm and Davis, it follows that if counts one and two are sufficient, count three is also sufficient.
Motion to strike all three counts is denied.
WAGNER, J.T.R.