[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 17, 1997
The motions present a common question involving the right to intervene in a zoning appeal. The plaintiff, Oakdale Development, L.P. ("Oakdale"), has appealed from a decision of the Wallingford Zoning Board of Appeals ("ZBA") to deny Oakdale's appeal of a cease-and-desist order. Oakdale claims that Wallingford's zoning enforcement officer ("ZEO") improperly ordered it to cease and desist from offering certain "double shows" in the form of matinee and evening performances at its well-known theater. Oakdale has named the ZBA and the ZEO as defendants. The merits of this controversy are not now before me.
The issue now at hand has arisen because two nearby property owners — Joseph Downing ("Downing") and Brentwood Village Condominium Association, Inc. ("Brentwood") — have filed separate motions to intervene as additional parties defendant. It is undisputed that Downing and Brentwood each own land within one hundred feet of the land involved in this case. The motions have been filed at an early date in the proceedings, so there is no question as to their timeliness. Oakdale opposes the motions. The ZBA and ZEO support them.
This would be a case of considerable difficulty if uncontrolled by precedent. There are competing policy considerations, and commentators differ on their analyses of CT Page 3741 these considerations. Compare Robert A Fuller, Land Use Law andPractice § 27.12 at 497 (1993) ("[i]ntervention as of right would rarely apply to nearby property owners"), with Terry J. Tondro, Connecticut Land Use and Regulation 559 (2d ed. 1992) ("[n]eighbors have rights in their property . . . and to make the ability to protect those rights depend or whether a municipal commission approves or denies an application by an unrelated party is quite arbitrary"). Because I view the issue presented as controlled by precedent, however, it is inappropriate to weigh those considerations here.
The principal authority relied upon by Downing and Brentwood is Bucky v. Zoning Board of Appeals, 33 Conn. Sup. 606,363 A.2d 1119 (App. Sess. Super. Ct. 1976). Bucky, for all practical purposes, involves the same issue presented in this case. The plaintiff in Bucky groomed and boarded dogs at her premises. A zoning inspector issued a cease-and-desist order. The plaintiff appealed that order to the zoning board of appeals, which denied the appeal. The plaintiff then appealed to the Court of Common Pleas. An abutting landowner, Walter E. Donaghy, moved to intervene. His motion was denied by the trial court. On appeal, the Appellate Session of the Superior Court found error and remanded the case with direction to grant the motion to intervene. The court reasoned that, "Section 8-8 of the General Statutes permits abutting owners to appeal from any adverse decision of zoning boards of appeal. Donaghy would have been able to appeal if the board had acted favorably upon the plaintiff's application. He would not be able to seek review of a decision of the Court of Common Pleas reversing the action of the board, however, unless he were permitted to intervene in this action . . . We conclude that the interest of Walter E. Donaghy as an abutting owner under the circumstances of this case is sufficient so that he should be permitted to intervene in this action." Id. at 607-08.
Although the Appellate Session of the Superior Court was a statutory court and its precedents arguably do not bind constitutional courts as a general matter; see State v. Hyatt,9 Conn. App. 426, 430, 519 A.2d 612 (1987) (holding decision of Appellate Division of Circuit Court not binding on Appellate Court); there are special circumstances that give Bucky a somewhat more exalted stature than the typical Appellate Session decision. First, it is a unanimous decision of a particularly distinguished panel (Parsky, A. Armentano, and D. Shea, Js.), each member of which was subsequently appointed to the Supreme CT Page 3742 Court. Second, and even more important, Bucky was subsequently cited favorably in the seminal intervention case of Horton v.Meskill, 187 Conn. 187, 445 A.2d 579 (1982). Horton states that "there are . . . cases which make it clear that intervention of right exists in Connecticut." Id. at 192. Bucky is one of the authorities cited for this proposition. Id. Accord id. at 195. Significantly, two members of the Bucky panel (Armentano and Shea, Js.) were members of the Supreme Court panel that decidedHorton.
Under these circumstances, it is appropriate to considerBucky as having precedential authority. The interests of Downing and Brentwood are sufficient to permit them to intervene in this action.
The effect of intervention on the pleadings must next be considered. At this early stage in the proceedings, the only pleading in the file is Oakdale's original appeal. Downing's motion to be made a party defendant seeks to have Oakdale "ordered to amend its complaint and state facts showing the interest of [Downing] in this action." Brentwood seeks no such order. It merely asks to be named a party defendant. Brentwood's request is appropriate; Downing's is not.
While Oakdale is, of course, free to amend its appeal in accordance with the usual rules of practice, it should not be compelled to amend its appeal under these circumstances. Oakdale seeks no relief against either intervenor nor can it obtain such relief. Downing and Brentwood are allowed to become parties defendant in order to protect their own property interests. Like all other parties defendant, they must file responsive pleadings in the usual course. Cf. Fed.R.Civ.P. 24(c) (requiring a motion to intervene to "be accompanied by a pleading setting forth the claim or defense for which intervention is sought").
With the modification just described, the motions to be made parties defendant are granted.
BLUE, J.