[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Roger Weissinger, appeals from the decision of the Chaplin inland wetlands commission (commission), denying his application to construct a driveway with three wetland crossings and to construct a single family home. Weissinger filed the appeal on April 24, 2001 pursuant to General Statutes § 22a-43 (a). Elaine S. and H. Randall Hoeflin (Hoeflins) filed a motion to be made party defendants on June 11, 2001. The Hoeflins are statutorily aggrieved pursuant to General Statutes 22a-43 (a) because their property abuts Weissinger's property. The Hoeflins claim that they are necessary parties to the present action because they have an interest adverse to Weissinger and if the court reverses the decision of the commission they will be adversely affected. The Hoeflins argue that they would have had a right to appeal the commission's decision if the commission granted Weissinger's application, but they cannot appeal the court's decision if the court reverses the commission. CT Page 15001
Weissinger argues that the Hoeflins should not be allowed to intervene in this appeal because if the Hoeflins are made defendants they will have the ability to oppose a settlement in the event that Weissinger and commission decide to settle the case. General Statutes § 22a-43 (c) provides that "[n]o appeal taken under subsection (a) of this section shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a heating has been held before the superior court and such court has approved such opposed withdrawal or settlement." Weissinger argues that a settlement or withdrawal requires the consent of all parties under General Statutes § 22a-43 (c), and therefore, the court should deny the motion to be made party defendants.
"An applicant for intervention has a right to intervene under Practice Book [§ 9.6] where the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose, by the direct legal operation and effect of the judgment. . . ." (Citations omitted; internal quotation marks omitted.) Polymer Resources, Ltd. v.Keeney, 32 Conn. App. 340, 350, 629 A.2d 447 (1993). In Bucky v. ZoningBoard of Appeals, 33 Conn. Sup. 606, 363 A.2d 1119 (App. Sess. 1976), an abutting landowner filed a motion to intervene and to be made a party defendant. The court granted the motion to intervene because the abutting landowner "would have been able to appeal if the board acted favorably upon the plaintiff's application. He would not be able to seek review of a decision of the Court of Common Pleas reversing the action of the board, however, unless he were permitted to intervene in this decision." Id., 607. The court concluded that the interest of the abutting landowner in the outcome of the case was sufficient so that he should be permitted to intervene. Id., 608.
In Oakdale Development v. Zoning Board of Appeals, Superior Court, judicial district of New Haven, Docket No. 395707 (April 17, 1997, Blue,J.) (19 Conn. L. Rptr. 344), the court stated that "[a]lthough the Appellate Session of the Superior Court was a statutory court and its precedents arguably do not bind constitutional courts as a general matter . . . there are special circumstances that give Bucky a somewhat more exalted stature than the typical Appellate Session decision. First, it is a unanimous decision of a particularly distinguished panel . . . each member of which was subsequently appointed to the Supreme Court. Second, and even more important, Bucky was subsequently cited favorably in the seminal intervention case of Horton v. Meskill, 187 Conn. 187, 445 A.2d 579
(1982)." Id., 345. "Horton states that there are . . . cases which make it clear that intervention of right exists in Connecticut. . . . Bucky is one of the authorities cited for this proposition." Id. Even more recently in Washington Trust Company v. Smith, 241 Conn. 734, 740,699 A.2d 73 (1997), the Supreme Court cited Bucky again for the CT Page 15002 proposition that it is clear that intervention of right exists in Connecticut.
The court allowed the abutting property owners to intervene in OakdaleDevelopment v. Zoning Board of Appeals, supra, 19 Conn. L. Rptr. 345, "in order to protect their own property interests." The court, however, did not require the plaintiff to amend the complaint and state facts showing the abutting landowner's interests. Id. The court stated that, pursuant to Fed.R.Civ.P. 24(c), the intervenors must file responsive pleadings in the usual course. Id.
Despite Weissinger's arguments to the contrary, the court finds that General Statutes § 22a-43 (c) does not prevent the Hoeflins from intervening in this appeal. In Centennial Development v. Planning andZoning Commission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 517405 (June 9, 1993, Berger, J.) (8 C.S.C.R. 807), the court noted that abutting property owners were made party defendants to the appeal for the sole purpose of opposing a settlement between the plaintiff and the commission. "[T]he commission was considering a settlement proposal which the [intervening defendants] would have opposed had it been presented at the initial hearing. On January 25, 1993, the commission voted to accept the settlement and on February 1, 1993, Judge Maloney granted the motion to intervene." Id. The court held that it could not approve a settlement without approval of the intervening defendants. See Ralto Developers, Inc. v. EnvironmentalImpact Commission, 220 Conn. 54 (1991) (holding that General Statutes § 22a-43 (c) requires the approval of all the parties as a condition precedent to judicial approval). Weissinger's argument that the Hoeflins should not be allowed to intervene in this appeal due to the ability of a party to oppose a settlement under General Statutes § 22a-43 (c) is unavailing because the Superior Court has allowed abutting landowners to intervene for the sole purpose of opposing a settlement.
In this instance, allowing one set of abutting property owners to intervene would not be too burdensome and may advance the cause of justice. The court grants the Hoeflins' motion to intervene as party defendants because they are abutting landowners and their interests may be adversely affected by the court's decision in the pending appeal. Accordingly, the Hoeflins must file responsive pleadings, and it is not necessary for Weissinger to amend the complaint to include the Hoeflins' interests.
Foley, J.