[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE
Attorney Frank B. Cochran represented to the court that Attorney Joan C. Molloy could not be present for argument on the motion to intervene. He further represented that Attorney Molloy, who had filed a brief in the matter, had no objection to the matter proceeding in her absence. The court entertained brief argument from Attorney Cochran and considered Attorney Molloy's brief in detail. The court ruled from the bench that the individuals seeking to intervene may do so. The court ruled from the bench so that the previously established briefing schedule would not be interfered with. However, the court further indicated that in view of the importance of the issue involved a memorandum of decision would follow.
For the purpose of this decision, the court accepts as true the representation by Attorney Cochran that each of the proposed intervenors is statutorily aggrieved. Should any intervenor be unable to show aggrievement at this time of trial, that intervenor will be stricken from the action.
The plaintiff, Diversified Properties, Inc., applied to the North CT Page 15941-li Branford Planning and Zoning Commission for a "planned adult residential cluster development." The Commission denied the requested special permit and site plan application. The developer, Diversified Properties, Inc., has appealed to this court. The intervenors allege that each owns property within 100 feet of some portion of the site proposed for the cluster development. The town is defending the appeal at this point. If the town succeeds in its defense, the intervenors would not be adversely affected. If the town fails in its defense, or were to agree to a settlement, the neighbors, in the absence of intervention, would appear to be without the ability to apply for a writ of certiorari from the Appellate Court pursuant to § 8-8 (n). It is true, in the event of settlement, that neighbors would have the right to be heard pursuant to § 8-8 (m).
Our Practice Book allows intervention under two sections. Section 9-6
provides:
 "Any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party." [Emphasis added]
Section 9-18 provides:
 "The judicial authority may determine the controversy as between the parties before it, if it cannot do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the judicial authority may direct that they be brought in. If a person not a party has an interest or title which the judgment will effect, the judicial authority, on its motion, shall direct that person to be made party."
If intervention is appropriate here, it will be under Practice Book § 9-6 not as mandatory intervention pursuant to Practice Book §9-18. In Bucky v. Zoning Board of Appeals of the Town of Weston,33 Conn. Sup. 606 (1976), the Appellate session of the Superior Court reversed a trial judge who refused to allow intervention in a zoning dispute by neighbors who claimed to be classical aggrieved. It appears to the court that the only substantial difference between Bucky and the case before it is that the neighbors in the instant case claimed statutory aggrievement rather than classical aggrievement. CT Page 15941-lj
Our Supreme Court has discussed the right to intervene in Horton v.Meskill, 187 Conn. 187, 191 (1982). In dealing with the permissive intervention authorized by § 9-6 of the Practice Book, the court directed trial courts to several factors including "the timeliness of the intervention, the proposed intervenor's interests in the controversy, the adequacy of representation of such interests by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court."Horton at page 197.
In the case before the court, the motion to intervene is timely. The proposed intervenors allege statutory aggrievement which would give them an interest in the controversy. The court has no reason to think that the municipality would not effectively and aggressively defend the matter but its obligation is to all its citizens. It is not situated in precisely the same situation as the surrounding neighbors. A briefing schedule has been established by the court and there is no indication that that briefing schedule will be delayed by reason of this intervention. Finally, it appears to the court that there is some value in allowing the neighbors to participate in the resolution of this controversy.
In conclusion, relying upon the test set-forward in Horton and the CT Page 15941-lk guidance contained in Bucky, this court grants the motion to intervene subject to the requirement at the time of the trial of the matter that each intervenor be able to demonstrate statutory aggrievement.
By the court,
Booth, J.