[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE (#104)
On April 25, 2000, the defendant planning and zoning commission of the CT Page 96 town of Montville (commission) granted with conditions the application for a special permit submitted by Kobyluck Sand and Gravel, Inc. Pursuant to General Statutes § 8-8, the plaintiffs, Daniel W. Kobyluck, Maureen A. Kobyluck and Kobyluck Sand and Gravel, Inc., have brought this appeal from the commission's decision. The plaintiffs seek a court order directing the commission to grant the application for a special permit without conditions.
Presently before the court is the motion to intervene filed on January 11, 2001, by Joseph F. Matera, Lois M. Matera, Michael Matera, Thomas H. Turner, Katherine Turner, Steven Ravin, Laurie J. Ravin, Brian Joiner and Janet Joiner (intervenors). In their motion, the intervenors allege that they own property abutting the subject premises or located within 100 feet of the subject premises. The intervenors further allege that if the plaintiffs prevail in their attempt to have the conditions removed from the special permit, the value of the intervenors' property will be substantially reduced as a result of increased traffic, traffic congestion and noise. On January 31, 2001, the plaintiffs filed a memorandum of law in opposition to the motion to intervene.
 Discussion
Our appellate courts have set forth the standard applicable to a motion to intervene. "A proposed intervenor must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of his or her right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervenor has a direct and immediate interest that will be affected by the judgment." Washington Trust Co. v. Smith, 241 Conn. 734, 747,699 A.2d 73 (1997). "[T]he pleadings are accepted as correct, and the interest of an intervenor does not have to be proved by testimony or evidence. The right to intervene is based on the allegations of the would-be intervenor, without regard to their actual validity. . . . Further, the rules for intervention should be construed liberally to avoid multiplicity of suits." (Citations omitted.) Rosado v. BridgeportRoman Catholic Diocesan Corp., 60 Conn. App. 134, 142, 758 A.2d 916
(2000).
The intervenors argue that their motion to intervene should be granted because they all own property abutting or within 100 feet of the subject property and because their property values will decrease if the conditions on the special permit are removed. The plaintiffs argue that the motion should be denied because the intervenors failed to take an appeal from the commission's decision and because the intervenors' interests are adequately represented by the commission. For the reasons set forth below, the court concludes that the motion to intervene should be CT Page 97 granted.
As an initial matter, the court notes that the intervenors do not clearly state whether they seek permissive intervention or intervention as a matter of right. "In Horton v. Meskill, 187 Conn. 187, 191,445 A.2d 579 (1982), [the] court determined that intervention of right is permitted in Connecticut practice pursuant to Practice Book § [9-18], which provides in relevant part: `If a person not a party has an interest or title which the judgment will affect, the [judicial authority], on [its] motion, shall direct [that person] to be made a party.' The distinction between intervention of right and permissive intervention, such as is found in [r]ule 24 of the Federal Rules of Civil Procedure, has not been clearly made in Connecticut practice. . . . Most of our cases discuss the admission of new parties as coming within the broad discretion of the trial court. . . . But there are also cases which make clear that intervention as of right exists in Connecticut practice. . . . The nature of the right to intervene in Connecticut, however, has not been fully articulated. Where state precedent is lacking, it is appropriate to look to authorities under the comparable federal rule, in this case [r]ule 24 of the Federal Rules of Civil Procedure." (Citations omitted; internal quotation marks omitted.) Washington Trust Co. v.Smith, supra, 241 Conn. 739-40.
"Cases involving rule 24(a) establish four requirements that an intervenor must show to obtain intervention as of right. The motion to intervene must be timely, the movant must have a direct and substantial interest in the subject matter of the litigation, the movant's interest must be impaired by disposition of the litigation without the movant's involvement and the movant's interest must not be represented adequately by any party to the litigation."[1] Rosado v. Bridgeport Roman CatholicDiocesan Corp., supra, 60 Conn. App. 140. In the present case, the plaintiff does not claim that the motion to intervene is untimely. The court therefore must determine whether the intervenors have satisfied the second, third and fourth prongs of the federal standard for intervention of right.
In Bucky v. Zoning Board of Appeals, 33 Conn. Sup. 606, 363 A.2d 1119
(1976), the Appellate Session of the Superior Court was presented with facts similar to the present case. In that case, the municipal zoning inspector issued a cease and desist order preventing the plaintiff from grooming and boarding dogs on her premises. The zoning board of appeals denied the plaintiff's appeal and her application for a special permit. The plaintiff then appealed to the Court of Common Pleas, where a motion to intervene was filed by an abutting landowner. The intervenor alleged that a reversal of the decision of the zoning board of appeals would adversely affect him in that his property would be substantially reduced CT Page 98 in value, increased traffic and congestion would result, and the residential character of the area would change. The Court of Common Pleas denied the motion to intervene.
The Appellate Session of the Superior Court reversed, stating: "For a number of years, the courts of Connecticut have been liberal in permitting abutting owners of real property to be made parties in zoning matters. Section 8-8 of the General Statutes permits abutting owners to appeal from any adverse decision of zoning boards of appeal. [The intervenor] would have been able to appeal if the board had acted favorably upon the plaintiff's application. He would not be able to seek review of a decision of the Court of Common Pleas reversing the action of the board, however, unless he were permitted to intervene in this action." Id., 607-608. The court also stated that the intervenor had "a special interest as an abutting owner which will be directly affected by the matter under determination." Id., 607. The court concluded that because "[i]ntervention may be claimed as a right when the intervenor will either gain or lose by the direct legal operation and effect of the judgment," the intervenor had an interest sufficient to permit intervention. (Internal quotation marks omitted.) Id., 608.
Commenting on the viability of Bucky, Judge Blue has stated: "Although the Appellate Session of the Superior Court was a statutory court and its precedents arguably do not bind constitutional courts as a general matter; see State v. Hyatt, 9 Conn. App. 426, 430, 519 A.2d 612 (1987) (holding decision of Appellate Division of Circuit Court not binding on Appellate Court); there are special circumstances that give Bucky a somewhat more exalted stature than the typical Appellate Session decision. First, it is a unanimous decision of a particularly distinguished panel (Parskey, A. Armentano, and D. Shea, Js.), each member of which was subsequently appointed to the Supreme Court. Second, and even more important, Bucky was subsequently cited favorably in the seminal intervention case of Horton v. Meskill, 187 Conn. 187, 445 A.2d 579
(1982). Horton states that `there are . . . cases which make clear that intervention of right exists in Connecticut. . . .' Id., 192. Bucky is one of the authorities cited for this proposition. Id. . . . Significantly, two members of the Bucky panel (Armentano and Shea, Js.) were members of the Supreme Court panel that decided Horton. . . . Under these circumstances, it is appropriate to consider Bucky as having precedential authority." Oakdale Development, L.P. v. Zoning Board ofAppeals, Superior Court, judicial district of New Haven, Docket No. 395707 (April 17, 1997, Blue, J.) (19 Conn.L.Rptr. 344, 345).
As in the Bucky and Oakdale cases, the intervenors' allegations in the present case that they own land abutting or within 100 feet of the subject premises would qualify them as aggrieved persons entitled to appeal an CT Page 99 adverse decision by the commission as set forth in General Statutes § 8-8 (a)(1). That subsection provides in relevant part: "In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1). Furthermore, the intervenors' allegations of the harm that would result from a reversal of the commission's decision in the present case are indistinguishable from the allegations in Bucky. The allegations are sufficient to establish the second and third prongs of the federal standard: that the intervenors have a direct and substantial interest in the subject matter of the litigation, and that the intervenor's interest will be impaired by disposition of the litigation without the intervenor's involvement.
The plaintiffs argue, however, that the present case is distinguishable from Bucky and Oakdale because in those cases, the decisions of the zoning boards were favorable to the intervenors, thus giving them no right to appeal. According to the plaintiffs, the present case is different because the commission's decision "was partially against the position of the prospective intervenors." The plaintiffs assert that because the intervenors could have appealed the commission's decision and failed to do so, they should not now be permitted to intervene in the plaintiffs' appeal. In support of their position, the plaintiffs cite to a probate case, Emmons v. Hartford National Bank Trust Co.,28 Conn. Sup. 392, 263 A.2d 275 (1970). In that case, the Superior Court stated: "In this state each probate appellant, actual or potential, must stand on his own feet. It is each man for himself. . . . If he does not take an appeal, he loses the right to do so. To permit him to circumvent the statutory requirements for taking an appeal by permitting him to become a party to another's appeal on a simple motion would be to defeat the clear legislative intention that any person aggrieved by a decree of a court of probate must appeal therefrom within the time limited by law. . . . This the court cannot do." (Citations omitted.) Id., 394.
Although the reasoning of the Emmons decision is sound, this court disagrees with its application to the present case. As the plaintiffs acknowledge, the commission's decision in the present case was only partly unfavorable to the intervenors' position. The commission approved the plaintiffs' application with conditions and the plaintiffs have appealed in order to challenge the conditions. The intervenors support the conditions imposed by the commission and seek to intervene for the purpose of opposing the removal of the conditions. The intervenors do not seek to challenge the approval of the plaintiff's application. The only decision at issue in the present case is the commission's decision to impose conditions on the plaintiffs' special permit, a decision that was CT Page 100 favorable to the intervenors. Consequently, the purpose of the proposed intervention could not have been achieved by taking an appeal from the commission's decision pursuant to General Statutes § 8-8. The plaintiffs' reliance on Emmons is therefore misplaced. The court finds no meaningful difference between the facts in the present case and those presented in Bucky v. Zoning Board of Appeals, supra, 33 Conn. Sup. 606.
Finally, the court must consider the fourth prong of the federal standard, namely, the requirement that the movant's interest is not already represented adequately by a party to the litigation. The plaintiffs argue that the intervenors' interests in the present case are adequately represented by the commission.
"The would-be intervenor bears the burden of demonstrating inadequate representation by an existing party. . . . The most significant factor in assessing the adequacy of representation is how the interests of the absentees compare with the interests of the present parties; the weight of the would-be intervenors' burden varies accordingly. If, for instance, the interests are identical or there is a party charged by law with representing a proposed intervenor's interest, a presumption of adequate representation arises that the would-be intervenor can overcome only through a compelling showing of why this representation is not adequate. . . . At the other end of the spectrum, a presumption of inadequacy arises when an absentee must rely on his opponent or one whose interests are adverse to his." (Citation omitted; emphasis in original.)Rosado v. Bridgeport Roman Catholic Diocesan Corp., supra,60 Conn. App. 148-49.
In the present case, the intervenors do not assert that their interests are directly adverse to the interests of the commission. Moreover, the plaintiffs do not assert that the commission is charged by law with representing the specific property interests of owners of property within 100 feet of the subject premises; nor do they claim that the intervenors' interests are identical to the commission's. Consequently, there is no presumption of adequacy or inadequacy.
Where the intervenor's interest in litigation is similar but not identical to the interest of an existing party, "[t]he burden for establishing inadequate representation . . . is minimal. Indeed, the United States Supreme Court has acknowledged that one successfully establishes inadequate representation `if the applicant shows that representation of his interest "may be" inadequate. . . .' Trbovich v.United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630,30 L.Ed.2d 686 (1972). The particular circumstances of each case will dictate whether the absentee has an interest different from that of an existing party, and doubts should be resolved in favor of intervention." Rosado v.CT Page 101Bridgeport Roman Catholic Diocesan Corp., supra, 60 Conn. App. 149-50.
The present case is similar to State Board of Education v. Waterbury,21 Conn. App. 67, 571 A.2d 148 (1990). In that case, individual parents of school children moved to intervene as plaintiffs in an action brought by the state board of education to compel the city of Waterbury to implement a desegregation plan. The trial court denied the parents' motion to intervene, finding that "[t]here is no reason to believe that the Attorney General will not represent all citizens of the state in reaching a conclusion consistent with the United States and State constitutions." (Internal quotation marks omitted.) Id., 73.
The Appellate Court concluded that the parents were entitled to intervene and reversed the trial court. The Appellate Court stated: "The [trial] court's expressed concern for the entire citizenry of Connecticut misses the significance of the [parents'] special interest in this case. That interest may, at times, compete with the interests of the state board of education, the commissioner of education and all the other citizens of Connecticut. While the attainment of the ultimate goal, the realization of the school racial balancing plan, may be the same, the plaintiffs and the [parents] may well be at odds with regard to the structure of settlement proposals, delays and concessions, which the current plaintiffs might be willing to afford the defendants, arguably to the detriment of the [parents'] interest, and concern for the immediate implementation of the plan. Further, the [parents] have more parochial interests dealing with the education of their children. . . . Moreover, the [parents'] direct and limited interest in assuring that any desegregation plan does not disproportionately impose the burdens of desegregation on them is quite distinguishable from the plaintiffs' general institutional concerns for racial balance in Connecticut schools. Here, we conclude that the [parents] have adequately shown that the state plaintiffs' representation of their interests may well be inadequate and, thus, have fulfilled the fourth requirement of 24 [a]." (Citation omitted; internal quotation marks omitted.) Id., 73-74.
The same reasoning applies in the present case. The court has already concluded, based on the holding in Bucky v. Zoning Board of Appeals, supra, 33 Conn. Sup. 606, that the intervenors, as owners of property within 100 feet of the subject premises, have a special interest that will be directly affected by the outcome of this action. The commission's general interest in protecting the community as a whole may be inadequate to protect these landowners' specific property interests. The court therefore concludes that the intervenors have succeeded in carrying their minimal burden with regard to the fourth element of the intervention of right test. CT Page 102
 Conclusion
The plaintiffs have not challenged the timeliness of the motion to intervene. Furthermore, the intervenors have alleged sufficient facts to show that they have a direct and substantial interest in the subject matter of the litigation, that their interest would be impaired by disposition of the litigation without their involvement and that their interest may not be adequately represented by any existing party. For these reasons, the motion to intervene filed by Joseph F. Matera, Lois M. Matera, Michael Matera, Thomas H. Turner, Katherine Turner, Steven Ravin, Laurie J. Ravin, Brian Joiner and Janet Joiner is hereby granted.
D. Michael Hurley, Judge Trial Referee