[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO INTERVENE (#104, #105, #106)
 FACTS
By application dated May 4, 2001, the plaintiff, Daylar CT Properties, LLC, sought licenses from the North Stonington inland wetlands and watercourses commission to conduct regulated activities relative to the development of two golf courses on a 912 acre tract of land known as the CT Page 8440 Lake of Isles. (Appeal, ¶ 1.) The commission granted the application, with conditions, on November 19, 2001. (Appeal, ¶ 4.) On December 10, 2001, the plaintiffs, Daylar CT Properties, LLC, and Lake of Isles, LLC, commenced this appeal by service of process upon the named defendants, the inland wetlands and watercourses commission, its chairperson, the North Stonington town clerk, and the commissioner of the Connecticut department of environmental protection. Daylar and Lake of Isles appeal from four of the special conditions imposed by the commission.[1]
On March 12, 2002, motions to intervene were filed by Marsha Fischetti; (#104); Nancy Colwell; (#105); and David McCord; (#106); respectively.[2]
 DISCUSSION
The proposed intervenors move on the ground that they are entitled to intervene as a matter of right because their status as abutters to the subject property accords them a direct and immediate interest that will cause them to either gain or lose by the effect of a judgment by the court in this appeal. (Motions to Intervene #104, #105, #106.) They also move on the basis that they have an ownership interest in a portion of the land involved in the commission s decision, and they maintain that they have a personal, legal property interest that has been specifically, injuriously affected by the commission's decision, resulting in "an adverse impact on [their] ownership interest." (Motions to Intervene #104, #105, #106.) Alternatively, they move on the basis of permissive intervention. (Motions to Intervene #104, #105, #106.)
The plaintiffs oppose the motions to intervene, countering that the proposed intervenors are attempting to circumvent the statutory appeal provisions of General Statutes § 22a-43, and arguing that the proposed intervenors are not indispensable to the adjudication of the issues raised by this appeal, i.e., the appeal from four of the conditions imposed by the commission. The plaintiffs further argue that the proposed intervenors' claim of ownership of a portion of the property is erroneous and is the subject of a separate quiet title action entitled McCord v.Lake of Isles, LLC.
Intervention as a matter "of right is permitted in Connecticut practice pursuant to Practice Book [§ 9-18]"[3] Washington Trust Co. v.Smith, 241 Conn. 734, 739, 699 A.2d 73 (1997). In Connecticut, the "nature of the right to intervene . . . has not been fully articulated. Where state precedent is lacking, it is appropriate to look at authorities under the comparable federal rule, in this case [r]ule 24 of the Federal Rules of Civil Procedure." (Brackets in original; internal CT Page 8441 quotation marks omitted.) Id., 740. "Cases involving rule 24(a) establish four requirements that an intervenor must show to obtain intervention as of right. The motion to intervene must be timely, the movant must have a direct and substantial interest in the subject matter of the litigation, the movant's interest must be impaired by disposition of the litigation without the movant's involvement and the movant's interest must not be represented adequately by any party to the litigation." Rosado v. Bridgeport Roman Catholic Diocesan Corp.,60 Conn. App. 134, 140, 758 A.2d 916 (2000).
"The consideration of permissive intervention involves numerous factors including the timeliness of the intervention, the proposed intervenor's interests in the controversy, the adequacy of representation of such interests by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court." Horton v. Meskill, 187 Conn. 187, 197,445 A.2d 579 (1982).
Prospective intervenors "must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of [their] right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervenor[s] [have] a direct and immediate interest that will be affected by the judgment."Washington Trust Co. v. Smith, supra, 241 Conn. 747. "[T]he pleadings are accepted as correct, and the interest of an intervenor does not have to be proved by testimony or evidence." Rosado v. Bridgeport Roman CatholicDiocesan Corp., supra, 60 Conn. App. 142.
In the present case, the proposed intervenors claim they are abutters who also own a portion of the land described in this appeal. They claim that "[a]butting property holders, such as the applicants, are entitled to intervene as of right." (Consolidated Memorandum of Law in Support of Motions to Intervene, p. 3.) In addition, they argue that they are entitled to permissive intervention because "they have direct, immediate and financial interest in unique land abutting the property, and in property owned by them that is the subject of this application, that is or adverse to that of the plaintiff. . . . [and], the interest asserted by the applicants is separate and distinct from the interests of the defendants. Consequently, defendants cannot represent [the] applicants' interest in this matter." (Consolidated Memorandum of Law in Support of Motions to Intervene, p. 5.)
Generally, a court may be willing to grant a motion to intervene when a zoning authority denies a plaintiff's application because a proposed intervenor would not be entitled to take an appeal from the denial of an CT Page 8442 application, but could be adversely affected if a court later overturns the denial of the zoning authority.
In Bucky v. Zoning Board of Appeals, 33 Conn. Sup. 606, 363 A.2d 1119
(App. Sess. 1976), a zoning board denied a plaintiff's appeal from a cease and desist order, which had ordered her to cease grooming and boarding dogs at her premises. The board also denied her application for a special permit, which sought to allow teaching, grooming, and pet care as a home occupation. The plaintiff appealed to the Court of Common Pleas, whereupon an abutting landowner sought to intervene, claiming that he would suffer an adverse impact should the court reverse the board's decision. Specifically, he claimed that his property would undergo a substantial reduction in value, there would be a resulting increase in traffic and congestion, and the residential character of the area would change. The trial court denied the motion. On appeal, the Appellate Session of the Superior Court recognized that the abutter would have been in a position to appeal if the board had approved the plaintiff's application, but that he would be unable to appeal a court decision reversing the board's action unless he was permitted to intervene. The court concluded that the proposed intervenor's interest "as an abutting owner under the circumstances of this case" was sufficient to permit intervention, and it remanded the matter to the trial court with direction to grant the motion to intervene. Id., 608. See also OakdaleDevelopment v. Wallingford, Superior Court, judicial district of New Haven, Docket No. CV 395707 (April 17, 1997, Blue, J.) (19 Conn.L.Rptr. 344, 345) (invoking Bucky v. Zoning Board ofAppeals as precedent, court permits nearby property owners to intervene in an appeal from a denial of an application to protect their property interests.)
Similarly, in Weissinger v. Matthies, Superior Court, judicial district of Windham at Putnam, Docket No. CV 065454 (November 6, 2001, Foley, J.) (30 Conn.L.Rptr. 649), the court permitted abutting landowners to intervene who claimed "an interest adverse to [the plaintiff]" and who claimed that if the court reversed the commission's decision, they would be affected adversely. Id. In that appeal, the plaintiff appealed from the denial of his application, and the proposed intervenors argued that they would have had a right to appeal if the commission had granted the plaintiff's application, but would not have had a right to appeal the court's decision if the court reversed the commission. Id. The court granted the intervenors' motion because they were abutters and their interest could be affected adversely by the court's decision in the pending appeal. Id., 650
In Bucky v. Zoning Board of Appeals, supra, and Weissinger v.Matthies, supra, the court allowed intervention in appeals from the CT Page 8443denial of the respective plaintiffs' applications. In Kobyluck v.Montville, Superior Court, judicial district of New London at Norwich Docket No. CV 121562, (January 2, 2002, Hurley, J.T.R.) (31 Conn.L.Rptr. 197), however, this court allowed intervention in an appeal where a commission granted the plaintiffs' application with conditions. The intervenors, nearby property owners, claimed that if the conditions were removed, the value of their property would be decreased substantially because of "increased traffic, traffic congestion and noise." Id.
The court analyzed the proposed intervenors' claims under the four prongs of rule 24 of the Federal Rules of Civil Procedure and it determined that the first prong, (timeliness), was not at issue. Id., 198 The court further found that the intervenors' "allegations" of ownership of land that either abutted or was within 100 feet of the subject property, coupled with "allegations" of harm, satisfied both the second prong, (direct and substantial interest), and the third prong, (impairment of that interest). Id., 198-99 Although the plaintiffs argued that the intervenors should not be allowed to intervene at this juncture because they could have appealed the commission's decision in the first instance, the court was unpersuaded. It emphasized that the commission's decision was only "partly unfavorable" to the intervenors' position. Id., 199. The court observed that the "intervenors support[ed] the conditions imposed by the commission and [sought] to intervene for the purpose of opposing the removal of the conditions" and were not attempting to challenge the approval of the plaintiff's application. Id. Finally, the court determined that the fourth prong, (adequacy of existing representation), was met because the commission's general interest in protecting the community as a whole may not have been adequate to protect the specific property interests of the proposed intervenors. Id., 200.
The plaintiffs in the present matter are appealing from four of the conditions imposed by the commission at the time it granted the plaintiffs' licenses. As set forth previously, the proposed intervenors move to intervene on the ground that their interest is of "such a direct and immediate character that it will either gain or lose by the direct legal operation and effect of the judgment" of the court. (Internal quotation marks omitted.) (Motions to Intervene #104, #105, #106.) In addition, they move on the ground that their abutter status and ownership interest accords them a specific personal and property interest in the subject property that "was specifically and injuriously affected by the action of the Defendant Commission" that adversely impacts their ownership. (Motions to Intervene, #104, #105, #106.) They also conclusorily assert a "direct, immediate and financial interest in unique land abutting the property, and in property owned by them that is the subject of this application that is adverse to that of the CT Page 8444 plaintiff. . . ." (Consolidated Memorandum of Law in Support of Motions to Intervene, p., 5.)
"For purposes of judging the satisfaction of [the] conditions [for intervention] we look to the pleadings, that is, to the motion for leave to intervene. . . ." (Brackets in original; internal quotation marks omitted.) Washington Trust Co. v. Smith, supra, 241 Conn. 746. "The question on a petition to intervene is whether a well-pleaded defense or claim is asserted. . . ." Id. Unlike the intervenors in Kobyluck, who asserted a reduction in property value as a result of increased traffic, traffic congestion and noise, the present intervenors fail to articulate the nature of their adverse interest. Nor is the court able to ascertain the nature of the adverse interest from the face of the motions, or from the supporting memoranda. Even if the court was able to discern the nature of the adverse interest, it is not clear whether such interest flows from the granting of the licenses, the imposition of the conditions, or whether it devolves from the possible removal of the conditions if the court were to sustain the plaintiffs' appeal on the merits.
Pursuant to General Statutes § 22a-43, the proposed intervenors had an opportunity to file a timely appeal within fifteen days from the date the commission published its decision granting the plaintiffs' licenses, with conditions, but they failed to do so. In the absence of a claim asserting the manner in which the their interest may be impacted, this court is unwilling to allow the proposed intervenors to circumvent the appeal process by permitting them to intervene.[4]
For the foregoing reasons the court denies Motions to Intervene #104, #105 and #106.
 ___________________ D. Michael Hurley Judge Trial Referee