[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO CITE IN (#107), MOTION FOR SUMMARY JUDGMENT (#116) AND MOTION TO STRIKE (#123)
 FACTS
The plaintiff, Butler Properties LLC, brings this partition action against the defendants, William O. Butler and Mary Faith Reily, to force the sale of certain real property located at 51 Colony Sweet in the town of Meriden. The plaintiff and the defendants each own an undivided one-third interest in the property at issue, which consists of a three story building located in the downtown area currently occupied by New England Color LLC (New England). By way of a notice of ouster of possession dated February 16, 2001, the plaintiff notified the defendants that it was in exclusive possession and control of the premises and, therefore, intended to exclude the defendants from exercising their respective rights with regard to the property.
The procedural history of this case is as follows. The plaintiff commenced this action on June 13 and 14, 2001, respectively. On August 9, 2001, the plaintiff amended its complaint in response to William Butler's request to revise dated August 1, 2001. On August 15, 2001, William Butler moved to cite in John J. Butler and New England as third party defendants. On September 7, 2001, the plaintiff filed a motion for summary judgment accompanied by a memorandum of law and the affidavit of John Butler, a member of Butler Properties.[1] On September 21, 2001, William Butler filed a memorandum of law in opposition to the plaintiffs motion for summary judgment. On September 25, 2001, William Butler then filed a motion to strike the plaintiffs amended complaint accompanied by a memorandum of law on the ground that the complaint is legally insufficient and does not state a cause of action. On the same date, the plaintiff filed a memorandum of law in opposition to William Butler's motion to cite in the above mentioned third party defendants. The plaintiff subsequently filed a memorandum of law in opposition to William Butler's motion to strike, in court, on October 15, 2001.
 DISCUSSION
A. Motion to Cite In (#107)
"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." Washington Trust Co. v. Smith, 241 Conn. 734, 747, 699 A.2d 73
(1997). "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." A. Secondino Son, Inc. v. LoRicco,19 Conn. App. 8, 14, 561 A.2d 142 (1989).
In the present case, William Butler argues that John Butler, as a CT Page 1033 member of Butler Properties, and New England, as the lessee of the subject premises, should be made parties to the present action because they have an interest in its outcome. The court is inclined to agree and concludes that, in order for it to make a complete determination as to the interests of all of the parties involved in a sale of the property, and do complete justice, John Butler and New England should be made parties to the present action.[2] Accordingly, William Butler's motion to cite in the third party defendants mentioned above is granted.
B. Motion for Summary Judgment (#116)
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 1749; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty, 235 Conn. 185, 202,663 A.2d 1001 (1995). "If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) 2830 Whitney Avenue Corp. v. HeritageCanal Development Associates, Inc., 33 Conn. App. 563, 569, 636 A.2d 1377
(1994).
The plaintiff claims that it has an absolute right to a partition of the subject premises because no person can be compelled to remain a co-owner of real property with any other person. In response, William Butler argues that not only is there no showing that the subject property cannot be partitioned in kind to allow each of the parties to use a portion of the premises, but any sale of the property would be subject to certain title defects caused by the plaintiff and a pending summary process action between the parties in the Superior Court for the judicial district of New Haven. Furthermore, William Butler argues that since the subject property is under lease, the plaintiff does not have the current right to possession and, therefore, the right to bring this partition action.
"The right to a partition is founded on the principle that no person can be compelled to remain the owner with another of real property, even if the party seeking partition willingly entered into the joint ownership. . . . [To that end], [t]his jurisdiction has long favored partition in kind, or physical division, over partition by sale. . . . CT Page 1034 Because we presume that partition in kind is in the best interests of the owners, the burden of proof rests on the party seeking a sale to demonstrate that it is the better remedy. . . . This burden may be carried by satisfying two conditions: (1) the physical attributes of the property make partition in kind impracticable or inequitable; and (2) the interests of the owners would better be promoted by partition by sale." (Citations omitted.) Wilcox v. Willard Shopping Center Associates,208 Conn. 318, 325-26, 544 A.2d 1207 (1988).
In the present case, the plaintiff provides the court with nothing more than conclusory statements and its own self-serving affidavit to demonstrate the nonexistence of any material fact. Without more, however, the plaintiff fails to meet its burden of showing that a partition in kind would be impracticable or inequitable, or that the interests of the owners would better be promoted by a partition by sale. Id. Since the plaintiffs submissions do not address the equitable issues of a partition action or the interests of the parties, and since it is the proponent of the partition by sale who bears the burden of proof, the court denies summary judgment. Accordingly, the plaintiffs motion for summary judgment is denied.
C. Motion to Strike (#123)
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Doev. Yale University, 252 Conn. 641, 694, 748 A.2d 834 (2000). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
William Butler claims that the plaintiff does not have the current right to possess the premises and, therefore, the plaintiff cannot maintain a partition action against the defendants. In response, the plaintiff argues that the defendant is unable to point to any case involving owners of the same interest in the property sought to be partitioned, other than the case cited in their brief, which is distinguishable from the facts of the present case, that requires the plaintiff co-owner to be in actual possession of the property.
The law concerning a motion to strike is well settled. A motion to strike admits all facts well pleaded, and its only function is to test CT Page 1035 the legal sufficiency of the pleading. Peter-Michael, Inc. v. Sea ShellAssociates, supra, 244 Conn. 270; Doe v. Yale University, supra,252 Conn. 694. In the present case, if the plaintiff can prove the allegations contained in its complaint, they would support a cause of action for partition or sale of the property. Although William Butler argues that the plaintiff is prohibited from seeking partition because he does not have the current right to possession, he neither seeks to strike those portions of the prayer for relief, nor any other portion of the amended complaint in the motion. Because the court may not look beyond the motion itself, the court denies the motion to strike. Meredith v.Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980). Accordingly, William Butler's motion to strike is denied.
 CONCLUSION
For the foregoing reasons, the motion to cite in additional parties is granted, the motion for summary judgment is denied without prejudice and the motion to strike is denied.
BY ORDER OF THE COURT
Gilardi, Judge